HOYT v. ROSCOMMON COUNTY ROAD COMMISSION.

1. APPEAL AND ERROR—HIGHWAYS AND STREETS—QUESTIONS REVIEWABLE.

In suit to enjoin county road commission from improving lake shore road, question as to whether or not road was a lawful one is not passed upon where decision rests on another ground and a number of the adjacent property owners whose rights of ingress and egress may be substantially affected are not before the court.

2. HIGHWAYS AND STREETS—COUNTY ROAD COMMISSION—INJUNCTION.

County road commission *held,* properly enjoined from further work on lake shore road, where resolution by authority of which it purported to take over all township roads was found to be defective, rescinded and readopted subsequent to commencement of proceedings herein, the commission, however, being without prejudice to proceed under subsequently altered conditions, if then acting under proper legal authority (Act No. 130, Pub. Acts 1931).

Appeal from Roscommon; Smith (Guy E.), J. Submitted January 8, 1936. (Docket No. 18, Calendar No. 38,508.) Decided June 11, 1936.

Bill by J. T. N. Hoyt and others against Roscommon County Road Commission, a municipal corporation, to restrain the improvement of a road and for other relief. Decree for plaintiffs. Defendant appeals. Affirmed.

*Merle F. Nellist* (*John C. Shaffer* and *John C. Shields,* of counsel), for plaintiffs.

*Henry Miltner,* for defendant.

BUSHNELL, J. Plaintiffs are some of the owners of properties situated on the west shore of Higgins Lake, which are generally occupied only during the summer months. The principal averments of the bill of complaint are: that defendant, Roscommon county road commission, without proper determination of the necessity therefor or action to acquire title thereto, started a crew of men cutting down trees and clearing a strip of land 66 feet in width along the west shore of the lake and across the lands of plaintiffs and others; the work was commenced notwithstanding the fact that a good gravel road lies about 600 feet west of and parallel to the road in question, and that the acts of defendant will cause great damage to and materially depreciate the value of plaintiffs' property. Wherefore, they seek an injunction restraining such action and other relief as equity may require.

Defendant admits its intention to improve what is claimed to have been an existing legal highway since 1895 and says the proximity of a parallel gravel road is not material to the issues involved; that the

improvement of the shore road will increase the value of plaintiffs' property and denies that any damage will result to plaintiffs therefrom.

By cross-bill, defendant sought a decree determining the shore road to be a lawful highway both by dedication and user for the statutory period, and that plaintiffs be restrained from interfering with the proposed improvement. After considering both oral and record testimony, the trial court concluded that although at one time the shore road was a public thoroughfare there was now in existence a surveyed and improved highway running parallel thereto, 600 feet away, entirely adequate for the needs of the public; that there was not only a lack of necessity for improving the shore road, but it would be an absurdity to do so; the public would not be benefited thereby and it would be contrary to good business principles to spend public funds in this manner.

The opinion of the court stated that, while defendant exercised no legal authority over the shore road at the time, nevertheless it secured the right of way for the new county road from plaintiffs through written releases which contained words, either suggesting or stating, that in consideration thereof the shore road would be discontinued and abated. The court found that plaintiffs would sustain damages in excess of the necessary jurisdictional amount and entered a decree permanently restraining defendant, its agents and employees from further improving and widening the trail or shore road.

An examination of the pleadings and exhibits indicates that a number of the adjacent property owners whose rights of ingress and egress may be substantially affected are not before the court. In the absence of proof of notice to such parties, we are reluctant to pass upon the nature of the road and

rest our decision solely on the question of defendant's lack of authority over the road at the time.

Such authority is determined by Act No. 130, Pub. Acts 1931. Sections 2, 3 and 4 read as follows:

"SEC. 2. On or before April first, nineteen hundred thirty-two, the board of county road commissioners in each of the several counties of the State shall take over and incorporate into the county road system, twenty per cent. of the total township highway mileage so determined and fixed by the State highway commissioner in each township of their respective counties. Thereafter each such board of county road commissioners shall, on April first of each succeeding year, take over and incorporate into their county road system an additional twenty per cent. of such township highway mileage until the entire township highway mileage in all of the townships of each of such counties has been taken over and made a part of the county highway systems. In the year next following the taking over of all such highways all dedicated streets and alleys in recorded plats and outside of incorporated cities and villages shall be taken over and become county roads.

"SEC. 3. The mileage to be taken over and incorporated into the county road system in each township in the several counties shall be selected and designated by the board of county road commissioners for each county on or before April first of each year, until the total township mileage has been made a part of the various county road systems: Provided, however, That preference shall be given to post roads and that all roads so taken over shall be continuous and connecting with the county road system, State trunk lines, or main city or village streets, and so far as possible, shall be roads having the heaviest travel: and provided, that such action shall not be taken by the boards of county road commissioners until the road mileage so se-

lected has been approved and confirmed by the State highway commissioner.

"Sec. 4. Such highways when so taken over and incorporated shall become for all purposes an integral part of the county highway system and such highways shall thereafter be wholly within the power and jurisdiction of all these officers having to do with county highway systems."

Defendant relies upon a resolution of the county road commission dated August 29, 1933, which purported to take over all township roads. This resolution, however, was found to be defective and it was rescinded and readopted subsequent to the commencement of this cause on February 3, 1934. On October 27, 1933, when this bill was filed to restrain defendant from further work on the road, it did not have any authority to act in the matter. The appeal is from the decree which restrained defendant, its agents and employees as stated herein. The decree, therefore, should be affirmed for the reason that the acts of the county road commission at the time were wholly without legal authority or justification. Such affirmation should not, however, be construed as controlling the commission under subsequently altered conditions if then acting under proper legal authority.

The trial judge reached the proper conclusion and the decree is affirmed, with costs.

Fead, Wiest, Butzel, Edward M. Sharpe, and Toy, JJ., concurred. North, C. J., did not sit. Potter, J., took no part in this decision.