VILLAGE OF BREEDSVILLE *v.* TOWNSHIP OF COLUMBIA.

1. MANDAMUS—PUBLIC OFFICERS—MINISTERIAL ACTS—DISCRETION.
   While mandamus is the appropriate remedy where a ministerial act of a public official is involved, it is not the proper remedy where such official's act involves the exercise of discretion or judgment.

2. SAME—DISCRETION OF BOARD OF COUNTY ROAD COMMISSIONERS—ABANDONMENT OF ROADS.
   Mandamus is not the proper means to review action taken by a board of county road commissioners in abandoning a portion of the county road system to local municipalities pursuant to discretion conferred upon them by statute (1 Comp. Laws 1929, § 3993, as amended by Act No. 290, Pub. Acts 1937).

3. ACTION—DECLARATORY JUDGMENT—RIGHTS DETERMINED USUALLY NOT IN PRAESENTI.
   Usually rights to be determined by declaratory judgment or decree may be, and perhaps are, rights not *in praesenti*, but rights which are to come into full fruition or which will be fully vested at some future time (3 Comp. Laws 1929, § 13903 *et seq.*).

4. SAME—DECLARATORY JUDGMENT—NEEDLESS HAZARDS OR POSSIBLE LOSSES.

An actual present controversy justifying a declaratory adjudication is present where uncertainties and controversies arise between interested parties as to what their respective rights will be when such rights accrue or become vested and it is necessary presently to have decision of such uncertain or controverted rights to avoid needless hazards or possible losses (3 Comp. Laws 1929, § 13903 *et seq.*).

5. SAME—DECLARATORY JUDGMENT—NECESSITY FOR PRESENT ADJUDICATION.

One test of right to institute proceeding for a declaratory judgment or decree is the necessity for present adjudication as a guide to plaintiff's future conduct in order to preserve its legal rights (3 Comp. Laws 1929, § 13903 *et seq.*).

6. SAME—DECLARATORY JUDGMENT—FUTURE RIGHTS.

While a court will not decide as to future rights but will wait until the event has happened unless special considerations otherwise require, a declaratory judgment may be resorted to only when circumstances render it useful and necessary or where it will serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations (3 Comp. Laws 1929, § 13903 *et seq.*).

7. SAME—DECLARATION OF RIGHTS—ACTUAL CONTROVERSY—ABANDONMENT OF BRIDGE AND HIGHWAY—DUTY TO REPAIR.

Case presenting question as to whose obligation it was to repair bridge located within village on street which had been a part of county highway system but which board of county road commissioners sought to abandon presented an actual controversy necessitating the construction of certain statutes and the validity and interpretation of abandonment resolution, hence the declaration of rights statute was properly invoked (Comp. Laws 1929, § 3993, as amended by Act No. 290, Pub. Acts 1937; § 13903 *et seq.*).

8. BRIDGES—REPAIR—STATUTES—MUNICIPAL CORPORATIONS.

While a board of county road commissioners has the right to abandon and discontinue a highway pursuant to statutory authority where township had had jurisdiction over road sought to be abandoned and resolution of abandonment sought to "return" it to village located within township and statutory notice had not been served on township, the duty of maintenance and repair remained with the board (1 Comp. Laws 1929, § 3993, as amended by Act No. 290, Pub. Acts 1937).

9. COSTS—PUBLIC QUESTION—REPAIR OF HIGHWAYS AND BRIDGES:
No costs are awarded in suit to obtain a declaration of rights between county and township and village therein relative to obligation to maintain and repair a bridge or road which board of county road commissioners had sought to abandon, a public question being involved (Comp. Laws 1929, § 3993, as amended by Act No. 290, Pub. Acts 1937; § 13903 *et seq.*).

Appeal from Van Buren; Warner (Glenn E.), J. Submitted June 7, 1945. (Docket No. 36, Calendar No. 43,065.) Decided June 29, 1945.

Bill by Village of Breedsville and others against Township of Columbia and Van Buren Board of County Road Commissioners for declaratory decree determining the obligation of maintaining and repairing bridge. From decree against Board of County Road Commissioners, it appeals. Affirmed.

*Earl L. Burhans* and *Don B. Sharpe,* for plaintiff.

*Howard, Howard, & Howard,* for defendant Township of Columbia.

*David Anderson,* for defendant Van Buren Board of County Road Commissioners.

SHARPE, J. Plaintiffs filed a bill for a declaratory decree under the provisions of Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 *et seq.* [Stat. Ann. § 27.501 *et seq.*]).

Plaintiffs are the village of Breedsville, an incorporated village, and a group of residents and taxpayers of said village and the township of Columbia. They allege that county highway No. 677 in Van Buren county runs through the village of Breedsville; that on said highway and within the corporate limits of the village there is a bridge which was built in 1890 by the township of Columbia

and maintained by the township until the county took over the maintenance of township roads; that in August, 1942, the bridge collapsed and has since been closed to traffic; that by virtue of 1 Comp. Laws 1929, § 4545 (Stat. Ann. § 9.1194), it became the duty of the township of Columbia to repair and maintain said bridge; that prior to the collapse of the bridge, county highway No. 677 was taken over by the board of county road commissioners of Van Buren county, who thereafter had the duty of repairing and maintaining said bridge; that the board of county road commissioners claim to have expended certain moneys on maintenance and repair of the bridge and are claiming the right to be reimbursed therefor from the village of Breedsville and have withheld certain funds belonging to said village; that the township of Columbia and the board of county road commissioners have been notified of the condition of the bridge and have refused to assume any responsibility for the repair of said bridge; that the use of said bridge is necessary to the citizens of the village of Breedsville; and that a determination be made as to whose obligation it is to repair and maintain said bridge.

The record also shows that on September 5, 1941, the board of county road commissioners adopted the following resolution:

"Notice is hereby given that at a meeting of the board of county road commissioners of Van Buren county, Michigan, duly held at Paw Paw, Michigan, on the 29th day of August, 1941, it was resolved and determined by a majority yea and nay vote to return to respective villages of Bangor, Bloomingdale, Breedsville, Decatur, Hartford, Gobles, Lawrence, Lawton, and Paw Paw, and the city of South Haven all of the following described streets included in the corporate limits of such villages which have heretofore been taken over and incorporated

into the county road system under the provisions of chapter 4 of Act No. 283, Pub. Acts 1909, as amended, and Act No. 130, Pub. Acts of 1931. The returning of said streets to the respective villages and cities is to be made under the provisions of Act No. 230 (290), Pub. Acts 1937. It was further resolved that a copy of these resolutions, together with a description of all the streets to be so returned in any one village or city shall be published at least once a week for three consecutive weeks in the newspaper published in the village or city. Publication of this resolution and description of the streets in the village of Breedsville shall be made in the *Bangor Advance.* It was further resolved that the date of public hearing on this resolution be set for October 24, 1941, at the offices of the board of county road commissioners in the village of Paw Paw."

Four streets in the village of Breedsville to be abandoned were described in the resolution. Included therein was the street on which the bridge is located, more particularly described as beginning at the center of section 29, thence south to the south line of section 29.

The township of Columbia filed an answer to plaintiffs' bill of complaint in which it is alleged on information and belief that the village of Breedsville built the bridge and has continued to maintain it, except for such time as its maintenance was assumed by the board of county road commissioners; that the responsibility of maintaining the bridge is upon the village of Breedsville; that the relief asked for in plaintiffs' bill of complaint is not a proper subject for a declaratory decree; and prayed that the issue be disposed of in accordance with Court Rule No. 23, § 8 (1933).

The board of county road commissioners filed an answer in which it alleges that it took proper legal action to abandon its control of county highways

within the village of Breedsville; and that the subject matters set up in the bill of complaint is not a proper matter to be disposed of under declaratory decree.

A motion was made to dismiss plaintiffs' bill of complaint on the ground that the subject matter of the bill was not a proper matter to be disposed of under declaratory decree. The trial court denied the motion to dismiss, concluding that there was an actual controversy relative to the construction of statutes, responsibility for the repair of the bridge, and the validity and interpretation of the action of the board of county road commissioners.

The cause came on for a hearing and the trial court entered a decree, the material part of which reads as follows:

"(a) That the plaintiff, village of Breedsville, has neither the right nor the duty or responsibility to rebuild, repair or maintain the aforesaid bridge;

"(b) That the defendant, township of Columbia, has neither the right nor the duty or responsibility to rebuild, repair or maintain the aforesaid bridge;

"(c) That the defendant, board of county road commissioners of the county of Van Buren, has the right, duty and responsibility to rebuild, repair and maintain said bridge and that such right, duty and responsibility have existed in said board continuously since the highway upon which said bridge was located was taken over by said board in the year 1927."

Defendant board of county road commissioners appeals and urges that the bill of complaint does not state a proper cause for declaratory decree; that if a cause of action exists, the remedy is by mandamus proceedings; that the individual parties plaintiff do not have sufficient interest in the matter to authorize them as individuals to maintain any

action; and that the board of county road commissioners has legally abandoned the road.

We are of the opinion that mandamus is not the proper remedy. Mandamus is appropriate where a ministerial act of a public official is involved, but not where the act involves the exercise of discretion or judgment. See *Rupert* v. *Van Buren County Clerk,* 290 Mich. 180. It is urged that the pleadings in this case do not present proper issues for action under the declaration of rights statute.

In *City of Muskegon Heights* v. *Danigelis,* 253 Mich. 260 (73 A. L. R. 696), a controversy existed relative to the validity of bonds authorized by the city of Muskegon Heights to raise money for the relief of destitute inhabitants. We there said:

"Under former practice a friendly suit would have been brought, entertained, and right in the matter adjudicated. Now, under the declaratory judgment act, there is presented issuable questions of fact and law of great public moment, and, if the act is to serve at all, it must be permitted to serve in this instance."

In *City of Flint* v. *Consumers Power Co.,* 290 Mich. 305, we discussed conditions under which the declaratory act could be invoked. We there said:

"But the rights to be determined by declaratory judgment or decree may be and perhaps usually are rights not *in praesenti,* but rights which are to come into full fruition or which will be fully vested at some future time. If uncertainties and controversies arise between interested parties as to what their respective rights will be when such rights accrue or become vested, and to avoid needless hazards or possible losses, it is necessary presently to have decision of such uncertain or controverted rights, then there is actual need of and justification

for declaratory adjudication. * * * At least one of the tests of right to resort to a declaratory proceeding is the 'necessity for present declaratory judgment as a guide to plaintiff's future conduct in order to preserve its legal rights.' *Wolverine Mutual Motor Ins. Co.* v. *Clark,* 277 Mich. 633, 637.

" 'The court will not decide as to future rights but will wait until the event has happened, unless special considerations otherwise require. (Citing cases.)' *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673, 677 (68 A. L. R. 105).

" ' 'A declaratory judgment may be resorted to only when circumstances render it "useful and necessary;" where it will "serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations." (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305 [176 N. E. 401].) "Where there is no necessity for resorting to the declaratory judgment, it should not be employed." (*Id.*)' *Somberg* v. *Somberg,* 263 N. Y. 1 (188 N. E. 137).' "

See, also, *Evans Products Co.* v. *State Board of Escheats,* 307 Mich. 506.

In the case at bar there is an actual controversy between the parties relative to the duty of repairing the bridge. In order to determine the rights of the parties it is necessary to construe certain statutes and the validity and interpretation of a resolution passed by the board of county road commissioners in attempting to abandon the highway and bridge. Under such circumstances it is proper to invoke the declaration of rights statute.

The principal question in this case relates to the right and obligation of the village of Breedsville, or the township of Columbia or the board of county road commissioners to repair or rebuild the bridge. The facts are undisputed. The village of Breedsville was incorporated in 1883. The bridge in ques-

tion was built in 1890 by the township of Columbia and maintained by it until 1927 when it was taken over by the board of county road commissioners. The resolution of September 5, 1941, was an attempt to "return" the bridge to the village of Breedsville.

It is conceded that in 1927 the county of Van Buren took over county highway No. 677, including the bridge in question. Thereafter, the responsibility for repairing and rebuilding the bridge was upon the board of county road commissioners until such time as it abandoned the bridge. The purport of the resolution adopted by the commissioners was to abandon its control of that portion of the highway in question here. Section 3993, 1 Comp. Laws 1929, as amended by Act No. 290, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3993, Stat. Ann. 1942 Cum. Supp. § 9.118), provides: "After proceedings to discontinue and abandon have been had, the jurisdiction in control of such road shall revert to the township or municipality within which the same is situated, which, prior to the time of its adoption as a county road, had jurisdiction and control thereof." Under the above statute the board of county road commissioners could not return the highway to the village of Breedsville. It follows that the village of Breedsville has no authority to repair or rebuild the bridge.

The method of abandoning a highway is found in the last above-cited section which provides:

"The board of county road commissioners of any county which has adopted the county road system is hereby authorized and empowered to, at any time, abandon and discontinue any county road, or any part thereof, by a majority vote. The vote of the county road commissioners in respect to such abandonment and discontinuance shall be taken and en-

tered, and notice thereof be given, in the same manner as required in this section, in cases in which county roads are adopted.''

That portion of this section last referred to provides in part:

''Notice of determination shall be forthwith given by the clerk to the highway commissioner of each township and the highway authorities of each city or village in which said road or any part thereof is situated, and published in some newspaper printed and circulated in the county, once in each week for three successive weeks.''

The board of county road commissioners urges that the resolution adopted was sufficient in form and purpose to surrender its jurisdiction over that particular portion of the highway on which the bridge is located. We note that the resolution provided that the highway was to be *returned to the village of Breedsville* under the provisions of Act No. 290, Pub. Acts 1937; that the resolution does not provide that the highway was to be returned to the township of Columbia; and that the township of Columbia was not served with any notice that the highway was to be abandoned.

Under the above statute the board of county road commissioners had the right to abandon and discontinue the highway in question. The statute provides that proceedings to abandon and discontinue a highway ''shall be taken and entered, and notice thereof be given, in the same manner as required in this section, in cases in which county roads are adopted.'' In our opinion the intent of the board of county road commissioners to return this highway to the village of Breedsville and the failure to notify the township of Columbia of its intent to abandon or discontinue the road fail to comply with the statute

providing for discontinuance or abandonment of highways under the jurisdiction of the board of county road commissioners. The resolution did not accomplish the purpose now claimed for it.

The obligation of maintaining and repairing the bridge remains with the board of county road commissioners.

The decree of the trial court is affirmed, but without costs as a public question is involved.

Starr, C. J., and North, Wiest, Butzel, Bushnell, and Reid, JJ., concurred with Sharpe, J. Boyles, J., concurred in the result.