VILLAGE OF BANGOR *v.* TOWNSHIP OF BANGOR.

1. HIGHWAYS AND STREETS—COUNTY ROADS—RELINQUISHMENT OF CONTROL BY COUNTY ROAD COMMISSIONERS—RESOLUTIONS—STATUTES.

Under record showing that board of county road commissioners had merely adopted a resolution to discontinue and abandon, as a county road, certain streets and bridges within the limits of plaintiff village, the mandatory requirements of the pertinent statute relative to relinquishment of control of a county road or any part thereof or absolute abandonment or discontinuance of a road, street or bridge were not met, hence the obligation of maintaining and repairing the bridge remains with the board of county road commissioners which had previously incorporated such streets and bridges into the county road system (2 Comp. Laws 1948, § 224.18).

2. SAME—COUNTY ROADS—MAINTENANCE.

Where a board of county road commissioners has made various unsuccessful efforts to relinquish control of certain village streets and bridges to townships within which they are located, but which had been theretofore incorporated into county road system, it is entitled to a reasonable time within which to make necessary repairs, rebuilding or replacement after final determination by Supreme Court.

3. COSTS—PUBLIC QUESTION—LIABILITY FOR MAINTENANCE OF ROADS AND BRIDGES.

No costs are allowed in suit between plaintiff village and defendant townships and board of county road commissioners relative to responsibility for maintenance and control of a public highway and bridge, a public question being involved.

Appeal from Van Buren; Mosier (Carl D.), J. Submitted April 12, 1949. (Docket No. 60, Calendar No. 44,393.) Decided May 18, 1949.

Bill by Village of Bangor against Township of Bangor and others for decree declaring duties of defendants in maintaining bridge. From decree that maintenance should be by Van Buren Board of County Road Commissioners, they appeal. Modified and affirmed.

*Sheldon Rupert*, for plaintiff.

*John H. Verdonk*, for townships of Bangor and Arlington.

*Lewis R. Williams*, for Van Buren Board of County Road Commissioners.

BUSHNELL, J. This is an appeal by defendant board of county road commissioners of the county of Van Buren from a decree in which it was determined that the board had since 1932, and still has, the sole responsibility for the maintenance and control of a certain public highway and bridge over the Black river within the corporate limits of plaintiff village of Bangor.

Plaintiff village is situated in the defendant and appellee townships of Bangor and Arlington. Prior to the incorporation of the village there was laid out and maintained by defendant townships a road running north and south between them, known as Town Line road. The Black river, running east and west through the village, crosses this road. A bridge was erected in 1898 by the defendant townships over this river. The road south of the bridge is known as Center street and as Geneva street north of the bridge.

The road and the bridge were incorporated into the county road system by resolution of defendant board in 1932. In 1941, the board attempted to relieve itself of responsibility as to this and other bridges by certain proceedings, which it now admits "were not sufficient for the purpose intended." See *Village of Breedsville* v. *Township of Columbia,* 312 Mich. 47, decided June 29, 1945.

On December 14, 1945, the board took further proceedings to discontinue and abandon as a county road, Geneva and Center streets and others, and return the same to the townships and the village, together with any bridges within the limits of the village.

Plaintiff village later filed a bill for a declaration of rights claiming the existence of an actual controversy as to the responsibility for the maintenance and control of the road and bridge over the Black river. The issues raised by the bill and answers were submitted on stipulation of facts and the testimony of two Bangor businessmen, both of whom testified that the road in question was their only means of ingress and egress to their business properties.

The trial judge held that the resolution of the board to "abandon and discontinue" was "not sufficient to return the road and bridge back to the townships," but only showed "an intention to so act," and that the proceedings required by law had not been taken, and that "the board of county road commissioners was not relieved of the duty to repair or rebuild the bridge and maintain the road," citing *Pearsall* v. *Board of Supervisors of Eaton County,* 74 Mich. 558 (4 L. R. A. 193); *Curry* v. *Place,* 99 Mich. 524; and *Hoyt* v. *Roscommon County Road Commission,* 276 Mich. 19.

The statutes applicable hereto, as pointed out in the trial judge's opinion, are parts of Act No. 283,

Pub. Acts 1909, found in chapter 4 thereof (1 Comp. Laws 1929, § 3976 *et seq.*, 2 Comp. Laws 1948, § 224.1 *et seq.* [Stat. Ann. § 9.101 *et seq.*]), and particularly section 18, as last amended by Act No. 52, Pub. Acts 1943 (2 Comp. Laws 1948, § 224.18 [Stat. Ann. 1947 Cum. Supp. § 9.118]). See, also, 1 Comp. Laws 1929, § 3950, 2 Comp. Laws 1948, § 247.41 (Stat. Ann. § 9.51) and 1 Comp. Laws 1929, § 4545, 2 Comp. Laws 1948, § 254.24 (Stat. Ann. § 9.1194).

Section 18 (Stat. Ann. 1947 Cum. Supp. § 9.118) contains the following provision:

"The board of county road commissioners of any county which has adopted the county road system is hereby authorized and empowered to, at any time, abandon and discontinue any county road, or any part thereof, by a majority vote. The vote of the county road commissioners in respect to such abandonment and discontinuance shall be taken and entered, and notice thereof be given, in the same manner as required in this section, in cases in which county roads are adopted. After proceedings to discontinue and abandon have been had, the jurisdiction and control of such road shall revert to the township or municipality within which the same is situated, which, prior to the time of its adoption as a county road, had jurisdiction and control thereof, and the county shall be relieved of the responsibility therefor, unless the said board shall at the time of the passage of any resolution to abandon or discontinue any portion of any highway incorporated therein, make a statement to the effect that they believe it to be to the best interests of the public that said portion of the highway so abandoned or discontinued, should be absolutely abandoned or discontinued, and in such case such portion so abandoned or discontinued, shall not revert, but shall be absolutely abandoned or discontinued as the case may be; and said board shall cause a true copy of every resolution or other proceeding, containing an accurate description of the lands comprising the

highway, laid out, altered, or absolutely abandoned thereby, to be recorded in the office of the register of deeds for the county wherein the lands are situated, and thereafter filed in the office of the auditor general: Provided, That the said board of county road commissioners shall not discontinue any highway, or part of highway, upon or along which there shall be any building of any character, except as hereinafter provided, upon the written application of 7 or more freeholders of the township in which said road is sought to be altered or discontinued. Said application for altering or discontinuing said highway shall describe said road in general terms or by any name by which it is known, and if the discontinuance of only a portion of any road is asked for, such portion shall be specified."

The statutory proviso just quoted applies to a relinquishment of control by the board of county road commissioners, as well as to the absolute abandonment and discontinuance of a road, street or bridge. This record does not show that the mandatory requirements of the statute and its proviso were met by appellant.

It must be held here, as was held in the *Breedsville Case, supra,* that—

"The obligation of maintaining and repairing the bridge remains with the board of county road commissioners."

We do not agree with appellant's contention that the trial court was not—"warranted in decreeing that if the board of county road commissioners did not take appropriate action to make the necessary repairs, rebuilding or replacement of the bridge on the highway within 30 days from 25 January, 1949 application might be made to the court for further relief." Appellant, however, should have a reasonable time hereafter in which to comply with the

court's decree, and for that purpose the cause is remanded.

The decree as thus modified is affirmed, but without costs, a public question being involved.

SHARPE, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.