SMITH v RUBERG

Docket No. 97866. Submitted December 7, 1987, at Grand Rapids. Decided March 7, 1988.

Clinton F. and Barbara M. Smith brought a medical malpractice action in Calhoun Circuit Court against Christine E. Ruberg, as administrator of the estate of Raymond L. Ruberg, Raymond L. Ruberg, D.O., P.C., and Lakeview General Hospital, alleging that Clinton Smith had been rendered permanently disabled as a result of surgery performed by Dr. Ruberg at defendant hospital. Plaintiffs' complaint alleged that Dr. Ruberg was an employee of the hospital. The hospital filed a motion for summary disposition or, in the alternative, an order to compel arbitration pursuant to the arbitration agreement which had been signed by Mr. Smith when he entered the hospital. The other defendants filed a similar motion, even though Dr. Ruberg was not a party to the arbitration agreement executed upon Mr. Smith's admission to the hospital, nor had Dr. Ruberg secured from Mr. Smith a separate arbitration agreement. At the hearing on the motions, plaintiffs stipulated to the dismissal of the hospital with prejudice. The trial court, James C. Kingsley, J., dismissed plaintiffs' claim against the hospital, struck the allegations in plaintiffs' complaint that Dr. Ruberg had been a hospital employee and ordered that the action against the administrator of the doctor's estate and the doctor's corporation be submitted to arbitration. Plaintiffs appealed.

The Court of Appeals *held:*

The Malpractice Arbitration Act permits a person who is not a party to a medical arbitration agreement to join the arbitration at the request of any party to the agreement, however, a person who is not a party to the agreement does not have a right to compel arbitration. Accordingly, the administrator of the estate and the professional corporation did not have the right to compel arbitration, and it was error for the trial court

REFERENCES
Am Jur 2d, Arbitration and Award § 57.
Am Jur 2d, Physicians, Surgeons, and Other Healers § 376.
Arbitration of medical malpractice claims. 84 ALR3d 375.

to order that the action against these defendants be sent to arbitration.

Reversed and remanded.

ARBITRATION — MEDICAL MALPRACTICE — PARTIES.

A person who is not a party to a medical arbitration agreement may join in the arbitration upon the request of a party to the agreement; a person who is not a party to a medical arbitration agreement and who has not been invited to join in arbitration does not have a right to compel arbitration (MCL 600.5046[4]; MSA 27A.5046[4]).

*Blaske & Blaske* (by *E. Robert Blaske*), for plaintiffs.

*Sullivan, Hamilton & Schulz* (by *Robert P. Hamilton*), for defendants.

Before: R. M. MAHER, P.J., and GRIBBS and L. F. SIMMONS,* JJ.

R. M. MAHER, P.J. Plaintiffs appeal as of right from the order of the Calhoun Circuit Court dismissing their claims against defendants estate of Dr. Raymond Ruberg, deceased, and Raymond L. Ruberg, D.O., P.C., and referring the matter to arbitration. We reverse.

On April 5, 1982, plaintiff Clinton Smith was admitted into Lakeview General Hospital to undergo a surgical procedure known as a cervical laminectomy. The operation was to be performed the next day by Dr. Ruberg. Upon his admission, Smith signed an arbitration agreement with the hospital. Dr. Ruberg was not a party to that agreement and apparently did not execute an agreement of his own. Following the surgery,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Smith developed cervical radiculitis,[1] which he claims rendered him permanently and partially disabled.

On March 30, 1984, Smith and his wife filed a medical malpractice claim against the estate of Dr. Ruberg (the doctor passed away approximately one and a half years after performing the operation), the doctor's private corporation, and Lakeview General Hospital. The complaint alleged, among other things, that Dr. Ruberg was an employee of the hospital.

On November 20, 1986, the hospital filed a motion for summary disposition or, in the alternative, to compel arbitration. The other defendants filed a similar motion several days later.

A hearing on the motions was held on December 1, 1986, during which the plaintiffs stipulated to dismissal of the hospital with prejudice. At the conclusion of the hearing, the circuit court granted the other defendants' motion for arbitration. The court reasoned that those defendants could compel arbitration by virtue of the binding agreement between Smith and the hospital. After a later hearing to resolve disputes over the contents of the proposed orders, the court entered orders (1) dismissing plaintiffs' claim against the hospital and striking allegations in the complaint that Dr. Ruberg was a hospital employee, and (2) referring plaintiffs' claim against the other defendants to arbitration. It is from the second order that plaintiffs claim their appeal as of right.

The sole issue presented on appeal is whether a defendant in a medical malpractice action who has no standing to compel arbitration in his own right may nevertheless obtain arbitration by virtue of

[1] Cervical radiculitis is an inflammation of the roots of the cervical spinal nerves as they emerge from the spinal cord. 3 Schmidt, Attorneys' Dictionary of Medicine (1986), pp R-6—R-7.

an agreement between the plaintiff and another defendant where that defendant is no longer a party to the proceedings. Resolution of this issue, which is one of first impression in this state, is dependent upon the proper construction of MCL 600.5046(4); MSA 27A.5046(4). That statutory section provides:

> A person who is not a party to the arbitration agreement may join in the arbitration at the request of any party with all the rights and obligations of the original parties. Each party to an arbitration under this chapter is deemed to be bound by the joinder of a new party.

Applying rules of simple statutory construction, we can only conclude that the circuit court erred in granting defendants' motion for arbitration.

When statutory language is clear and unambiguous, judicial interpretation to vary the plain meaning of the statute is precluded. The Legislature must have intended the meaning it plainly expressed, and the statute must be enforced as written. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983); *Nerat v Swacker,* 150 Mich App 61, 64; 388 NW2d 305 (1986), lv den 426 Mich 857 (1986). Here, the language of MCL 600.5046(4); MSA 27A.5046(4) is clear and unambiguous: "A person who is not a party to an arbitration agreement may join in the arbitration *at the request of any party . . . .*" (Emphasis added.) Absent a request, the statute does not grant a nonparty any right to compel arbitration. Since defendants were not invited to join in arbitration, and do not claim any independent right to arbitration,[2] the circuit court erred as a matter of

---

[2] Defendants do not dispute that there was no arbitration agreement between Smith and Dr. Ruberg. Nor do they claim that Dr.

law in granting their motion for arbitration.

Reversed and remanded for further proceedings.

---

Ruberg was an employee of the hospital, thus entitling them to take advantage of that agreement. Even if made, such a claim would be meritless since the circuit court found—and they did not challenge— that the doctor and hospital did not have an employer-employee relationship.