MATHESON v SECRETARY OF STATE

Docket No. 100263. Submitted April 6, 1988, at Detroit. Decided July 19, 1988. Leave to appeal applied for.

Mark Matheson pled guilty of operating a motor vehicle while under the influence of intoxicating liquor before the 54-B District Court in 1981. In 1985, Matheson was charged with OUIL, second offense, in the 48th District Court. Matheson collaterally attacked his 1981 conviction, claiming that he was not properly advised of the constitutional rights he was waiving by pleading guilty. The 48th District Court agreed with Matheson and subsequently accepted a guilty plea on a charge of OUIL, first offense, and issued an order directing the Secretary of State to issue a restricted driver's license to Matheson. The Secretary of State disregarded the order and revoked Matheson's driver's license. Matheson petitioned the Oakland Circuit Court for an order to show cause and to enforce the district court order. Following a hearing, the circuit court, Gene Schnelz, J., ordered respondent Secretary of State to honor the district court order and to restore petitioner's restricted driving privileges. Respondent appealed.

The Court of Appeals *held:*

1. Under MCL 257.303(2) and (3); MSA 9.2003(2) and (3), the Secretary of State must revoke a driver's license when it receives notice of the driver's second OUIL conviction within a seven-year period regardless of any order directing the issuance of a restricted license issued by the trial judge who presided over the proceedings which resulted in the second conviction.

2. A prior OUIL conviction which is determined to be constitutionally infirm on collateral attack can form the basis for license revocation pursuant to MCL 257.302(2)(c); MSA 9.2003(2)(c) since the revocation or suspension of a person's

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 96, 112-149, 310.

Regulations establishing a "point system" as regards suspension or revocation of license of operator of motor vehicle. 5 ALR3d 690.

Automobiles: validity and construction of legislation authorizing revocation or suspension of operator's license for "habitual," "persistent," or "frequent" violations of traffic regulations. 48 ALR4th 367.

driving privileges by the Secretary of State is not enhancement of a punishment against the person, but rather is an administrative action aimed at the protection of the public.

Reversed.

1. AUTOMOBILES — LICENSES — LICENSE REVOCATION — STATUTES.

The Secretary of State must revoke a driver's license when it receives notice of the driver's second conviction for operating a motor vehicle while under the influence of intoxicating liquor within a seven-year period regardless of any order directing the issuance of a restricted license issued by the trial judge who presided over the proceedings which resulted in the second conviction (MCL 257.303[2] and [3], 257.625[1]; MSA 9.2003[2] and [3], 9.2325[1]).

2. AUTOMOBILES — LICENSES — LICENSE REVOCATION — STATUTES.

A prior conviction for operating a motor vehicle while under the influence of intoxicating liquor which is determined to be constitutionally infirm on collateral attack can form the basis for the Secretary of State's revocation of a driver's license on the basis of the driver's two convictions for operating a motor vehicle while under the influence of intoxicating liquor within a seven-year period (MCL 257.303[2] and [3], 257.625[1]; MSA 9.2003[2] and [3], 9.2325[1]).

*Zabel, Quail & Ryan, P.C.* (by *Stephen M. Ryan*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Robert J. Eisenberg* and *Errol R. Dargin,* Assistant Attorneys General, for defendant.

Before: HOLBROOK, JR., P.J., and MACKENZIE and N. A. BAGULEY,* JJ.

MACKENZIE, J. Respondent appeals as of right from a circuit court order directing respondent to obey an order of the 48th District Court which requires respondent to issue petitioner a restricted driver's license in connection with his 1986 plea-based conviction for driving under the influence of

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

liquor (OUIL), MCL 257.625(1); MSA 9.2325(1). We reverse.

In 1981, petitioner pled guilty to OUIL in 54-B District Court. He did not appeal that conviction. In 1985, petitioner was arrested and charged with OUIL, second offense. During the proceedings in 48th District Court for this offense, petitioner collaterally attacked his 1981 conviction as constitutionally infirm. The district court reviewed the transcript of petitioner's 1981 guilty plea and concluded that the 54-B District Court had not complied with DCR 1963, 785 and that petitioner had not been advised of his rights as required by *People v Jaworski,* 387 Mich 21, 26; 194 NW2d 868 (1972). Petitioner on October 6, 1986, pled guilty to OUIL, first offense, under MCL 257.625(1); MSA 9.2325(1). The 48th District Court subsequently issued an order declaring the 1981 OUIL conviction infirm, and directing respondent to issue a restricted driver's license to petitioner.

Respondent disregarded the order and revoked petitioner's driving privileges on the authority of MCL 257.303; MSA 9.2003, which provides in pertinent part:

> (2) Upon receipt of the appropriate records of conviction, the secretary of state shall revoke the operator's or chauffeur's license of a person having any of the following convictions . . . :
>
> \* \* \*
>
> (c) Two convictions under section 625(1) [MCL 257.625(1); MSA 9.2325(1)] . . . within 7 years.
>
> \* \* \*
>
> (3) The secretary of state shall revoke a license under subsection (2) notwithstanding a court order [directing the issuance of a restricted license] issued under section 625 . . . .

Petitioner commenced the instant circuit court

action by filing a petition for order to show cause and to enforce the district court order. Following a hearing, the circuit court ordered respondent to honor the district court order and to restore petitioner's restricted driving privileges.

On appeal, respondent contends that MCL 257.303(2) and (3); MSA 9.2003(2) and (3), quoted above, empowered the Secretary of State to revoke petitioner's license notwithstanding the district court's order to issue a restricted license. We agree. The duty of the courts is to interpret the statutes as found. A plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself. Courts may not speculate as to the probable intent of the Legislature beyond the words employed in the act. Ordinary words are to be given their plain and ordinary meaning. *Winiecki v Wolf,* 147 Mich App 742; 383 NW2d 119 (1985). The use of the word "shall" in the statute instead of "may" indicates that revocation by the Secretary of State is mandatory, rather than discretionary. *Law Dep't Employees Union v City of Flint,* 64 Mich App 359, 368; 235 NW2d 783 (1975).

Clearly, under MCL 257.303(2)(c); MSA 9.2003(2)(c), the Secretary of State *must* revoke a driver's license when it receives notice of a second OUIL conviction under MCL 257.625(1); MSA 9.2325(1) within seven years. The plain language of MCL 257.303(3); MSA 9.2003(3) also makes it clear that this is true regardless of any court order which accompanies that second conviction. The language of that subsection gives the Secretary of State authority to disregard a court order which accompanies an OUIL conviction under MCL 257.625; MSA 9.2325. Cf. *People v Dunn,* 104 Mich App 419; 304 NW2d 856 (1981), discussing § 303 prior to the amendment adding subsection (3).

It is undisputed that petitioner had accumulated two convictions for OUIL under MCL 257.625(1); MSA 9.2325(1), thus triggering the § 303(2)(c) revocation provision. It is also undisputed that petitioner's 1981 conviction was determined upon collateral attack to be constitutionally infirm. Thus, the next issue to be resolved is whether an OUIL conviction, determined upon collateral attack to be constitutionally infirm, can form the basis for license revocation pursuant to § 303(2)(c). We conclude that it can.

Michigan recognizes the use of collateral attack to prevent the consideration of an infirm conviction for purposes of sentence enhancement. See, e.g., *People v Moore,* 391 Mich 426, 442; 216 NW2d 770 (1974). A trial court may also reduce to a lesser crime a charge based on infirm prior convictions. In *People v Kanouse,* 131 Mich App 363; 346 NW2d 101 (1984), modified 421 Mich 855 (1985), this Court noted that an infirm prior OUIL conviction could not be used for enhancement purposes to convict a respondent under the habitual OUIL offender statute. *Id.,* p 369. Similarly, in *People v Stratton,* 148 Mich App 70; 384 NW2d 83 (1985), this Court held that the failure to advise a respondent of his right to counsel at a guilty plea proceeding rendered his prior OUIL misdemeanor conviction infirm for purposes of charging him with OUIL, third offense, at a later date. *Id.,* p 80. In *People v Haker,* 158 Mich App 570; 405 NW2d 204 (1987), this Court declared a respondent's plea-based conviction for OUIL infirm for use as a predicate offense in an information charging him as an habitual offender where he was not advised of his *Jaworski* rights at the time of the prior plea. *Id.,* p 574.

However, the revocation or suspension of a person's driving privileges by the Secretary of State is

not enhancement of a punishment against the person, but rather is an administrative action aimed at the protection of the public. See Anno, *Automobiles: validity & construction of legislation authorizing revocation or suspension of operator's license for "habitual," "persistent," or "frequent" violations of traffic regulations,* 9 ALR3d 756, 757. Revocation of a license to operate a motor vehicle upon conviction of certain offenses is not a criminal penalty nor part of the sentence of the court and is not punishment for the offense. *In re Probasco,* 269 Mich 453, 457; 257 NW 861 (1934). While suspension or revocation may have a chastening effect, the purpose of those procedures is for public safety. *Detroit v Del Rio,* 10 Mich App 617, 621; 157 NW2d 324 (1968).

In the instant case, because petitioner was not advised of his *Jaworski* rights at the 1981 plea-taking, the 48th District Court was correct in declaring petitioner's 1981 OUIL conviction infirm, and in dismissing the 1985 habitual offender charge against petitioner. *Haker, supra.* However, neither of petitioner's OUIL convictions have been appealed, nor have they been vacated. Since revocation of driving privileges is not in the nature of a punishment against petitioner, the Secretary of State properly relied on petitioner's two convictions within seven years to revoke petitioner's driving privileges under § 303(2)(c).

Reversed.