MENKEN v 31st DISTRICT COURT

Docket No. 107923. Submitted June 20, 1989, at Lansing. Decided August 9, 1989.

Steven A. Menken brought an action in the Wayne Circuit Court against the 31st District Court seeking a declaratory judgment that writs of execution issued by the court could be served by a court officer of his choice. The court, James J. Rashid, J., denied plaintiff any relief. Plaintiff appealed.

The Court of Appeals *held:*

A writ of restitution issued by a district court may only be served by a sheriff, deputy sheriff, or a bailiff or court officer appointed for that purpose by the presiding judge of that judicial district.

Affirmed.

1. ACTIONS — DECLARATORY JUDGMENT — APPEAL.

A declaratory action is available to a party when necessary to guide a party's future conduct in order to preserve his future rights; review by the Court of Appeals is de novo on the record.

2. ATTACHMENT — SERVICE OF PROCESS — COURTS.

A writ of restitution issued by a district court may only be served by a sheriff, deputy sheriff, or a bailiff or court officer appointed for that purpose by the presiding judge of that judicial district (MCR 2.103[B][1]).

Steven A. Menken, in propria persona.

*Litch, Gordon & Czeckowski, P.C.* (by *John M. Litch*), for defendant.

Before: WAHLS, P.J., and DOCTOROFF and BRENNAN, JJ.

REFERENCES

Am Jur 2d, Attachment and Garnishment §§ 277, 289; Declaratory Judgments §§ 17 *et seq.*, 68, 245.

Who may serve writ, summons, or notice of garnishment. 75 ALR2d 1437.

Per Curiam. In this action for declaratory relief, plaintiff appeals as of right from the trial court's order denying such relief. We affirm.

Plaintiff alleged in his complaint that he is an attorney who frequently files writs of execution in the 31st District Court. Plaintiff alleged he has requested that such writs be returned to him for service by a court officer of his choice, but the court has refused all such requests for the reason that only a court officer appointed by the 31st District Court or a deputy sheriff could serve a writ of execution issued by that court. Plaintiff requested that the circuit court declare the rights of the parties with respect to MCR 2.103(B)(1), which governs the service of writs of restitution requiring the seizure or attachment of property. The trial court concluded that such writs issued by 31st District Court could only be served by court officers appointed by the presiding judge of that court.

Declaratory relief is available to a party when necessary to guide the party's future conduct in order to preserve his legal rights. Our review is de novo on the record. *Odette v Liquor Control Comm,* 171 Mich App 137, 140-141, 429 NW2d 814 (1988).

MCR 2.103(B)(1) provides:

A writ of restitution or process requiring the seizure or attachment of property may only be served by

(1) a sheriff or deputy sheriff, or a bailiff or court officer appointed by the court for that purpose . . . .

Plaintiff argues that the words of the court rule permitting service by "a court officer appointed by the court for that purpose" allows service by an

officer of any Michigan court, and does not limit service to an officer of the court that issued the writ. Plaintiff argues that such a construction is warranted because there is but "one court of justice" in Michigan. Const 1963, art 6, § 1.

However, the constitution divides Michigan's "one court of justice" into various courts. One of those is the district court, which is divided into judicial districts. MCL 600.8101 *et seq.*; MSA 27A.8101 *et seq.* In each district, a presiding judge exercises full authority and control over all administrative matters. MCL 600.8221; MSA 27A.8221; *Judges of the 74th Judicial Dist v Bay Co,* 385 Mich 710, 723; 190 NW2d 219 (1971). In each district, the judges appoint all court employees, who are employees of the district court. MCL 600.8271; MSA 27A.8271.

In its well-reasoned opinion, the trial court stated:

A presiding district court judge has complete administrative authority as to the functioning of the court within his judicial district. Along with this authority comes the right to appoint all of the court's employees and court officers, and the responsibility to supervise their actions. As such, the presiding judge is in a position to personally evaluate the diligence, discretion and integrity of the court officers serving writs of attachment issued by his court. Accordingly, the appointing judge retains a measure of supervision over the service of process and maintains his ability to insure the sound administration of justice within his judicial district.

A judge who did not appoint a court officer could not exercise any supervision over that officer's actions and would therefore not be in a position to right any wrongs that occurred. A factor of utmost importance is the legal responsibility of the court officer to the court issuing process. *See, Coleman v*

*Bolton,* 24 Mich App 547 [180 NW2d 319] (1970). Granting the relief requested by the Plaintiff would constitute significant interference with the presiding judge's right to control the administration of his court.

Furthermore, we find the following statement of the attorney general regarding the service of civil process to be instructive:

> A district court officer is a person appointed by the judges of a district court to serve civil process in the district court district. RJA 8321, 1961 PA 236, MCLA 600.8321; MSA 27A.8321, provides in part as follows:
>
> "(1) Civil process in the district court shall be served by . . . a court officer appointed by the judges of the court for such purpose, . . . .
>
> "(2) Under the rules of the supreme court, any other person may serve any process or order of the district court which does not require the seizure, attachment or garnishment of property or the arrest of a person. . . ."
>
> In addition, the Supreme court has adopted DCR 103, which governs the service of process in the district courts. In particular, DCR 103.3 provides:
>
> ". . . [N]o person other than a sheriff, deputy sheriff, court officer appointed by a district judge for such purpose, . . . shall serve any process or order of the district court which requires the seizure, attachment, or garnishment of property or the arrest of a person." [OAG, 1979-1980, No 5615, p 522 (December 26, 1979).]

We believe that a court officer's authority extends only to matters that are directly related to the judicial district that appointed him. Under MCR 2.103(B)(1), a writ of restitution requiring the seizure or attachment of property may only be served by a sheriff or deputy sheriff, or a bailiff or court officer appointed for that purpose *by the*

*court that issued the writ.* Thus, a writ of restitution issued by the 31st District Court can only be served by a court officer appointed for that purpose by the presiding judge of the 31st District Court.

Affirmed.