CITY OF LAKE ANGELUS v OAKLAND COUNTY ROAD
COMMISSION

Docket No. 123903. Submitted October 8, 1991, at Detroit. Decided
February 26, 1992; approved for publication May 14, 1992, at
9:00 A.M.

The City of Lake Angelus brought an action in the Oakland
Circuit Court against the Oakland County Road Commission
after the commission adopted a resolution relinquishing to the
City of Auburn Hills jurisdiction of a portion of Lake Angelus
Road whose center line served as a boundary between Lake
Angelus and Auburn Hills. Lake Angelus sought a declaration
that the commission acted contrary to MCL 224.18; MSA 9.118
in relinquishing jurisdiction to Auburn Hills only, rather than
to Lake Angelus and Auburn Hills to the extent of each city's
half of the road. The court, Hilda R. Gage, J., allowed Auburn
Hills to intervene as a defendant and subsequently issued a
judgment declaring valid the commission's relinquishment of
jurisdiction, but dividing jurisdiction between Lake Angelus
and Auburn Hills. The City of Auburn Hills appealed.

The Court of Appeals *held:*

MCL 224.18; MSA 9.118 provides that after a board of county
road commissioners relinquishes jurisdiction of a road, the
jurisdiction and control of the road revert to the municipality
within which the road is located, and the county is relieved of
responsibility for the road. In this case, the Oakland County
Road Commission failed to comply with the statute when it
sought to transfer jurisdiction of both halves of Lake Angelus
Road to Auburn Hills, rendering its resolution ineffective. The
trial court was without authority to correct the defective reso-
lution by dividing jurisdiction between Lake Angelus and Au-
burn Hills. Jurisdiction and control of the portion of Lake
Angelus Road at issue remains with the commission.

Reversed and remanded for further proceedings.

REFERENCES

Am Jur 2d, Boundaries § 37; Highways, Streets, and Bridges §§ 13-
15.

See the Index to Annotations under Boundaries; Highways and
Streets.

MACKENZIE, P.J., dissenting, stated that the commission's failure to comply with the statute did not render its relinquishment of jurisdiction void ab initio, and that, by operation of law, jurisdiction reverts to Lake Angelus and Auburn Hills.

HIGHWAYS — RELINQUISHMENT OF CONTROL BY COUNTY ROAD COMMISSIONS — REVERSION TO MUNICIPALITIES.

After a board of county road commissioners relinquishes jurisdiction over a road, jurisdiction and control of the road revert to the municipality within which the road is located; where the road serves as a boundary between two municipalities, with half the road lying in one municipality and half in the other, the board may not relinquish jurisdiction of the entire road only to one of the municipalities; any attempt to relinquish only to one of two municipalities entitled to jurisdiction is ineffective, and jurisdiction and control of the road remain with the county (MCL 224.18; MSA 9.118).

*Beier Howlett* (by *James L. Howlett*), for City of Lake Angelus.

*Levin, Levin, Garvett & Dill, P.C.* (by *Robert S. Rollinger*), for Oakland County Road Commission.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *William P. Hampton* and *Lanie Anderson*), for City of Auburn Hills.

Before: MACKENZIE, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM. The City of Auburn Hills appeals as of right from a November 20, 1989, judgment of the Oakland Circuit Court that held that the Oakland County Road Commission (OCRC) had validly relinquished jurisdiction over a portion of a county road, Lake Angelus Road, and that the portion of Lake Angelus Road within the City of Lake Angelus reverted to the City of Lake Angelus and the portion of the road within the City of Auburn Hills reverted to the City of Auburn Hills.

We reverse the decision of the trial court, and return jurisdiction of the road to the ocrc.

On October 8, 1984, the ocrc passed a resolution, pursuant to MCL 224.18; MSA 9.118, relinquishing to the City of Auburn Hills jurisdiction over a portion of Lake Angelus Road ranging from Rohr Road to Giddings Road. This portion of the road was, in fact, a boundary road between the two cities, with the boundary being the center line of the road. The northerly half of the road is in Auburn Hills and the southerly half is in Lake Angelus. The ocrc attempted to relinquish jurisdiction over the road on November 1, 1984.

On December 21, 1988, the City of Lake Angelus filed a complaint for declaratory judgment, seeking a determination that MCL 224.18; MSA 9.118 did not authorize the ocrc to transfer jurisdiction of the road to Auburn Hills because a portion of the road was in Lake Angelus. Lake Angelus took the position that the relinquishment was entirely ineffective and jurisdiction over the road remained with the ocrc or, in the alternative, jurisdiction over the road was relinquished by the ocrc and the southern half of the road was transferred to Lake Angelus by operation of law.

On January 26, 1989, an order was entered permitting Auburn Hills to intervene as a defendant. Oral arguments on Lake Angelus' motion for summary disposition were heard on April 19, 1989. On July 19, 1989, the trial court entered an order for partial summary disposition in favor of Lake Angelus, holding that the action taken by the ocrc on October 8, 1984, "was unauthorized by statute and beyond the legal authority of the Oakland County Road Commission to the extent that it purported to grant jurisdiction to the city of Auburn Hills over that part of Lake Angelus road between Baldwin and Rohr which is located within

the city of Lake Angelus." In denying the OCRC's motion for reconsideration of the above order, the trial court noted that "none of the parties addressed what effect should be given to a county road commission resolution which in part exceeded the lawful powers of the road commission."

Thereafter, the trial court and the parties agreed that the jurisdictional issue raised by the pleadings could be resolved by submission of briefs and oral argument. On November 8, 1989, the trial court heard the arguments of the parties. On November 20, 1989, the trial court entered its judgment in this matter, finding that the October 8, 1984, resolution of the OCRC "validly relinquished its jurisdiction over Lake Angelus road between Baldwin and Rohr effective as of November 1, 1984." The court also held that, pursuant to MCL 224.18; MSA 9.118 and by operation of law, jurisdiction over the road was to be divided between Lake Angelus and Auburn Hills. It is from this ruling that Auburn Hills appeals as of right.

The City of Auburn Hills contends that the trial court erred in declaring that the OCRC validly relinquished jurisdiction over the road and that jurisdiction over the road was to be divided between the two cities. Auburn Hills argues that, because the resolution purported to relinquish jurisdiction over the road only to the City of Auburn Hills, the resolution was unauthorized by law and, therefore, the attempted relinquishment was invalid. We agree with this contention.

Declaratory relief is available to a party when necessary to guide its future conduct in order to preserve its legal rights. *Menken v 31st District Court,* 179 Mich App 379, 380; 445 NW2d 527 (1989). Our review is de novo on the record. *Id.*

In this case, the trial court interpreted the

following pertinent portion of MCL 224.18; MSA
9.118:

> The board of county road commissioners of any
> county which has adopted the county road system
> is hereby authorized and empowered to, at any
> time, either relinquish jurisdiction of or absolutely
> abandon and discontinue any county road, or any
> part thereof, by a resolution adopted by a majority
> vote. The vote of the county road commissioners in
> respect to either such relinquishment of jurisdic-
> tion or absolute abandonment and discontinuance
> shall be taken and entered, and notice thereof be
> given, in the same manner as required in this
> section, in cases in which county roads are
> adopted. *After proceedings to relinquish jurisdic-
> tion have been had, the jurisdiction and control of
> such road, or part thereof, shall revert to the
> township or municipality within which the same is
> situated, and the county shall be relieved of the
> responsibility therefor.* [Emphasis added.]

The duty of the courts is to interpret the stat-
utes as found. *Matheson v Secretary of State,* 170
Mich App 216, 219; 428 NW2d 31 (1988). A plain
and unambiguous statute is to be applied and not
interpreted, because such a statute speaks for
itself. *Id.* Courts may not speculate regarding the
probable intent of the Legislature beyond the
words employed in the act. *Id.* The use of the word
"shall" in a statute indicates mandatory, rather
than discretionary, action. *Id.*

We are of the opinion that the OCRC did not
properly relinquish jurisdiction over Lake Angelus
Road, and the October 8, 1984, resolution is null
and void insofar as it pertains to this particular
road. In attempting to relinquish jurisdiction over
the entire width of the road to Auburn Hills, the
OCRC's resolution failed to comply with the man-
dates of MCL 224.18; MSA 9.118, which provides

that after proceedings to relinquish jurisdiction
have been had, the jurisdiction and control of the
road, "or part thereof, shall revert to the township
or municipality within which the same is situated,
and the county shall be relieved of the responsibil-
ity therefor."

The OCRC's resolution was, as noted by the trial
court, unauthorized by statute and beyond the
legal authority of the OCRC. The action of the OCRC
was ineffective to relinquish and transfer jurisdic-
tion of Lake Angelus Road, and the trial court
could not correct the OCRC's mistake by declaring a
valid relinquishment and then dividing the subject
road between the two cities.

This conclusion is supported by *Village of
Breedsville v Columbia Twp*, 312 Mich 47; 19
NW2d 482 (1945), and *Village of Bangor v Bangor
Twp*, 324 Mich 665; 37 NW2d 666 (1949). In
*Breedsville*, the Michigan Supreme Court sought
to determine the rights and obligations of the
Village of Breedsville, the Township of Columbia,
and the Van Buren County Board of Road Com-
missioners with regard to a bridge located within
the corporate limits of the village. *Id.,* pp 54-55.

The bridge was built in 1890 by the Township of
Columbia, which maintained the bridge until 1927,
when it was taken over by the Van Buren County
Board of Road Commissioners. *Id.* Pursuant to a
September 5, 1941, resolution, the board sought to
"return" the bridge to the Village of Breedsville.
*Id.* At the time in question, the predecessor to
MCL 224.18; MSA 9.118 provided that after pro-
ceedings were held to discontinue and abandon a
road, the jurisdiction and control of the road
would revert to the township or municipality
within which the road was situated, which, before
the time of its adoption as a county road, had
jurisdiction and control thereof. *Breedsville,* p 55.

We would point out that the provision as it then existed also applied to a "relinquishment of control" by the board, as well as to the absolute abandonment and discontinuance of a road. *Bangor,* p 669.

The Michigan Supreme Court held that under the statute, the board could not return the highway to the village. *Breedsville,* p 55. The Court concluded that "the village of Breedsville has no authority to repair or rebuild the bridge." *Id.* The board argued that the resolution adopted was sufficient in form and purpose to surrender its jurisdiction over that portion of the highway. *Id.,* p 56. However, the Court stated that, in its opinion, the intent of the board to return the highway to the village and the failure to provide the Township of Columbia with notice of its intent to abandon or discontinue the road indicated a failure to comply with the statute. *Id.,* pp 56-57. "The resolution did not accomplish the purpose now claimed for it." *Id.,* p 57. The Court concluded that the obligation of maintaining the bridge remained with the board. *Id.*

In *Bangor, supra,* the Van Buren County Board of Road Commissioners admitted that the proceedings used to relieve itself of various bridges, including the one at issue in *Breedsville,* "were not sufficient for the purpose intended." *Bangor,* p 667. In *Bangor,* as in *Breedsville,* the record did not show that the "mandatory" requirements of the statute were met by the board and, therefore, the board still had sole responsibility for maintenance and control of the bridge. *Bangor,* p 669.

Similarly, in the case at bar, the OCRC did not satisfy the mandatory requirements of the statute. The OCRC, pursuant to its resolution, sought to transfer jurisdiction over both halves of Lake Angelus Road to the City of Auburn Hills. The stat-

ute specifically provides that after proceedings to relinquish jurisdiction have been had, the jurisdiction and control of such road, "or part thereof, shall revert to the township or municipality within which the same is located . . . . "

We believe that, consistent with *Breedsville* and *Bangor, supra,* the trial court was precluded from fashioning a proper resolution for the parties regarding the jurisdiction over the disputed portion of the road. We hold that the October 8, 1984, resolution of the OCRC was unauthorized by law and was ineffective to relinquish jurisdiction over the subject road. Additionally, we hold that the trial court did not have authority to correct the OCRC's defective resolution.

We reverse the judgment of the trial court, return jurisdiction and control of Lake Angelus Road to the OCRC, and remand the case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

MACKENZIE, P.J. *(dissenting).* I disagree with the majority's conclusion that the trial court's resolution of this case was erroneous under MCL 224.18; MSA 9.118, which provides in pertinent part:

> The board of county road commissioners of any county which has adopted the county road system is hereby authorized and empowered to, at any time, either relinquish jurisdiction of or absolutely abandon and discontinue any county road, or any part thereof, by a resolution adopted by a majority vote. The vote of the county road commissioners in respect to either such relinquishment of jurisdiction or absolute abandonment and discontinuance shall be taken and entered, and notice thereof be given, in the same manner as required in this section, in cases in which county roads are adopted. After proceedings to relinquish jurisdiction have been had, the jurisdiction and control of

such road, or part thereof, *shall* revert to the township or municipality within which the same is situated, and the county *shall* be relieved of the responsibility therefor. [Emphasis added.]

In deciding this case, the trial court stated:

[N]othing in the statute gives the county road commission any discretion to determine to whom jurisdiction will revert. The statute provides clearly to whom jurisdiction reverts and the language is mandatory.

\* \* \*

This Court believes its [sic] patently clear the part thereof [sic] Lake Angelus Road within the City of Lake Angelus shall revert to Lake Angelus and the part within Auburn Hills shall revert to Auburn Hills.

The Court believes that the county road commissions [sic] resolution was invalid only in its effort to award a portion of the road, but the relinquishment was valid and, therefore, the Court will give to the City of Lake Angelus that part that's located within Lake Angelus and the remaining part within Auburn Hills shall revert to Auburn Hills.

Unlike the majority, I agree with the trial court that the road commission's attempt to relinquish jurisdiction of the entire width of Angelus Lake Road to the City of Auburn Hills, although unauthorized, did not render the relinquishment invalid ab initio. Like the trial court, I am of the opinion that the commission's decision to relinquish jurisdiction should stand, accompanied by a declaration that by operation of law jurisdiction reverts to both Lake Angelus and Auburn Hills.

As the statute provides, the county has no discretion to determine which entity is to receive jurisdiction over the road. The statute clearly provides that once the relinquishment decision is

made, jurisdiction and control over the road *shall* revert to the township or municipality within which the road is situated. Therefore, it is clear that under MCL 224.18; MSA 9.118, when a county manifests an intent to relinquish jurisdiction and control over a county road, under operation of the statute, jurisdiction of the road reverts to the township or municipality within which the road is situated. The intention of the county road commission is not a deciding factor.

The statutory language is clear and unambiguous, and the trial court properly gave effect to the plain meaning of the statute in this matter. *Smith v Ruberg,* 167 Mich App 13, 16; 421 NW2d 557 (1988). Accordingly, I would affirm the trial court's determination that the decision to relinquish jurisdiction of Lake Angelus Road was valid and that by operation of law jurisdiction should revert to both Lake Angelus and Auburn Hills.