UTTER v SECRETARY OF STATE

Docket No. 109357. Submitted February 15, 1989, at Grand Rapids. Decided August 7, 1989.

Raymond M. Utter was convicted in Kent Circuit Court, George R. Cook, J., of criminal sexual conduct in the fourth degree, the conviction arising out of acts which took place in or about an automobile. The county clerk forwarded to the office of the Secretary of State an abstract of the record of conviction which indicated the nature of the offense for which he was convicted was "felony auto used—crim. sexual conduct 4th degree." The Secretary of State on July 21, 1987, suspended Utter's driver's license for a period of one year under the provision of the Vehicle Code which provides that the Secretary of State shall suspend the driver's license for a period of ninety days to two years of one convicted of a "crime punishable as a felony under a law of this state regulating motor vehicles, or any other felony in the commission of which a motor vehicle was used." Utter filed a petition in Kent Circuit Court, seeking restoration of his driver's license by the Secretary of State. The circuit court, Robert A. Benson, J., granted Utter a restricted license but reserved the question of the validity of the suspension, suggesting that the question be raised before the judge who had tried the underlying criminal case. Following the filing with Judge Cook of a motion to set aside the suspension and arguments on the same, Judge Cook denied the motion. Utter appealed.

The Court of Appeals *held:*

Since petitioner was not convicted under a provision of the Vehicle Code, the suspension would be proper only if he was convicted of "any other felony in the commission of which a motor vehicle was used." Criminal sexual conduct in the fourth degree is a misdemeanor. Further, the statute clearly contemplated more than the mere use of a parked motor vehicle as the

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 113, 121.

Validity of statute or regulation authorizing revocation or suspension of driver's license for reason unrelated to use of or ability to operate motor vehicle. 86 ALR3d 1251.

situs of a sexual assault in restricting the applicability of the provision to felonies in which a motor vehicle was used in the commission of the crime. Petitioners' driver's license should not have been suspended, and the circuit court erred in refusing to set aside the suspension.

Reversed.

AUTOMOBILES — DRIVERS' LICENSES — SUSPENSION OF DRIVERS' LICENSES.

The Secretary of State was not empowered under the provision of the Vehicle Code relating to the suspension of a driver's license upon conviction of certain crimes as it read prior to that provision's 1988 amendment to suspend a driver's license where the person whose license was suspended was convicted of criminal sexual conduct in the fourth degree (MCL 257.319; MSA 9.2019).

*Farr & Oosterhouse* (by *D. Scott Stuart*), for petitioner.

Before: HOOD, P.J., and WAHLS and NEFF, JJ.

NEFF, J. Petitioner appeals as of right from a circuit court order denying his motion to set aside the suspension of his driver's license. We reverse.

In June, 1987, petitioner pled guilty to fourth-degree criminal sexual conduct, MCL 750.520e; MSA 28.788(5). Fourth-degree CSC is a misdemeanor, punishable by imprisonment for not more than two years, or by a fine of not more than $500, or both. For purposes of this appeal, petitioner does not contest that the acts that gave rise to his conviction occurred in or about a motor vehicle.

After petitioner's conviction for fourth-degree CSC, the circuit court clerk forwarded to respondent an abstract report of court order and record of conviction, which stated that petitioner had been convicted of "felony auto used—crim. sexual conduct 4th degree."

On July 21, 1987, respondent suspended petitioner's driver's license for a period of one year. The

suspension was ordered pursuant to MCL 257.319; MSA 9.2019.

Petitioner thereafter filed a petition in the circuit court for restoration of his driver's license. After a hearing was held on the petition on January 22, 1988, the circuit court entered an order granting petitioner a restricted driver's license. That order specifically reserved the issue whether the suspension ordered by respondent in July, 1987, was valid and proper.

Petitioner thereafter filed a motion in circuit court to set aside the suspension of his driver's license. An order denying petitioner's motion was entered on May 23, 1988.

On appeal, petitioner argues that respondent did not have the authority to suspend his driver's license under MCL 257.319; MSA 9.2019 on the basis of his conviction for fourth-degree csc. We agree.

I

The version of MCL 257.319; MSA 9.2019 in effect at the time petitioner was convicted of fourth-degree csc provided in pertinent part:

> (1) The secretary of state shall immediately suspend for a period of not less than 90 days, nor more than 2 years, the license of a person upon receiving a record of the conviction of that person of any of the following crimes, whether the conviction is under a law of this state, a local ordinance substantially corresponding to a law of this state, or a law of another state substantially corresponding to a law of this state:
>
> * * *
>
> (c) A crime punishable as a felony under a law of this state regulating motor vehicles, or any other felony in the commission of which a motor vehicle was used.

Where the language of a statute is clear and unambiguous, judicial interpretation to vary the plain meaning of the statute is precluded. The Legislature must have intended the meaning plainly expressed, and the statute is to be enforced as written. *Smith v Ruberg,* 167 Mich App 13, 16; 421 NW2d 557 (1988).

The language of the statute in this case is clear and unambiguous. Therefore, it is not subject to further construction.

The Legislature clearly intended that, under MCL 257.319(1)(c); MSA 9.2019(1)(c), there would be two categories of crime that would lead to mandatory suspensions. The first category includes both felonies and crimes punishable as felonies that involve the state regulation of motor vehicles. The second category of crimes necessitating mandatory suspension includes only felonies that involve the use of the motor vehicle. Unlike the first category of crimes contained in the statute, the second category makes no mention of crimes "punishable as a felony."

## II

Fourth-degree csc is a statutorily defined misdemeanor. It is not a crime which fits into either category which the Legislature intended, by the clear and unambiguous language of MCL 257.319(1)(c); MSA 9.2019(1)(c), to lead to the suspension of driving privileges on conviction. Accordingly, the suspension of petitioner's driver's license was improper.

In addition, a reading of the entire statute shows that the crimes for which convictions are intended to result in suspension of driving privileges are all intimately related to the use of a motor vehicle as

a part of the criminal activity.[1] These include manslaughter or negligent homicide resulting from the operation of a motor vehicle, falsifying registration of a motor vehicle, reckless driving and so on. The offense petitioner committed was only fortuitously related to the use of a motor vehicle as the situs of the crime. Clearly the Legislature did not intend for such crimes to be included within the ambit of the statute in question.[2]

[1] Note also that the statute is part of the Vehicle Code, not part of the Penal Code. This further strengthens the conclusion that only crimes in which motor vehicles are an integral part of the illegal activity are intended to result in loss of driving privileges.

[2] We note that MCL 257.319; MSA 9.2019 has been amended by the Legislature since the time of petitioner's conviction for fourth-degree CSC. The amended act applies to violations that occurred on or after July 1, 1988, and now states in pertinent part:

(1) The secretary of state shall immediately suspend for a period of not less than 90 days, nor more than 2 years, the license of a person upon receiving a record of the conviction of the person or the entry of a probate court order of disposition for a child found to be within the provisions of chapter XIIA of Act No. 288 of the Public Acts of 1939, being sections 712A.1 to 712A.28 of the Michigan Compiled Laws, for any of the following crimes or attempts to commit any of the following crimes, whether the conviction or probate court disposition is under a law of this state, a local ordinance substantially corresponding to a law of this state, or a law of another state substantially corresponding to a law of this state:

* * *

(c) A violation of section 324, 413, 414, or 479a of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.324, 750.413, 750.414, and 750.479a of the Michigan Compiled Laws; or a violation of section 1 of Act No. 214 of the Public Acts of 1931, being section 752.191 of the Michigan Compiled Laws.

* * *

(g) A felony in which a motor vehicle was used. As used in this section, "felony in which a motor vehicle was used" means a felony during the commission of which the person convicted operated a motor vehicle and while operating the vehicle presented real or potential harm to persons or property and 1 or more of the following circumstances existed:

(i) The vehicle was used as an instrument of the felony.

(ii) The vehicle was used to transport a victim of the felony.

III

Reversed. This case is remanded to the trial court for entry of an order setting aside the July 21, 1987, suspension of petitioner's driver's license. We do not retain jurisdiction.

---

(iii) The vehicle was used to flee the scene of the felony.

(iv) The vehicle was necessary for the commission of the felony.

Fourth-degree csc is not a violation of any of the acts enumerated in subsection (c) of the amended act. Moreover, at the time petitioner committed fourth-degree csc, he was not "operating" a motor vehicle, as provided in subsection (g) of the amended act. Thus, under the amended version of the statute, respondent could not have suspended petitioner's driver's license on the basis of the fourth-degree csc conviction.

While the amended version of the statute is inapplicable here, its language further bolsters our conclusion that, by the plain language of the statute in place at the time of petitioner's conviction, the Legislature did not intend that a conviction for fourth-degree csc would result in a suspension of driving privileges.