THOMPSON-McCULLY QUARRY COMPANY v BERLIN CHARTER
TOWNSHIP

Docket No. 242284. Submitted November 5, 2003, at Detroit. Decided
November 20, 2003, at 9:20 A.M.

Thompson-McCully Quarry Company brought an action in the Monroe
Circuit Court against Berlin Charter Township, seeking a declara-
tory judgment that the defendant was not afforded any interest by
MCL 224.18, as amended by 2000 PA 342, in a portion of Reaume
Road that travels between parcels of property owned by the plain-
tiff in Berlin Charter Township, Monroe County, and that the plain-
tiff had petitioned the Monroe County Board of Road Commission-
ers to abandon. The plaintiff owns all the property adjoining the
portion of the road sought to be abandoned. The board of road
commissioners had expressed its intent to abandon the portion of
the road upon the plaintiff's fulfillment of certain conditions, but
had taken no further action when the township threatened to com-
mence litigation with respect to the abandonment. The court,
Michael W. LaBeau, J., denied the plaintiff's motion for summary
disposition, granted the defendant's motion for summary disposi-
tion, and dismissed the action. The plaintiff appealed.

The Court of Appeals *held*:

1. The first sentence of subsection 18(5) applies if a petition for
absolute abandonment of a road or a portion of a road contains the
signatures of all the owners of record and occupants of land abut-
ting the road. The term "the road," in the context of the first sen-
tence, signifies either an entire road for which abandonment has
been petitioned or a road portion for which abandonment has been
petitioned, depending on what the particular abandonment petition
requests.

2. The first sentence of subsection 18(5) permits the county road
commission to simply make a determination, without providing
notice or a hearing, regarding abandonment or discontinuance of
an entire county road when all landowners and occupants along
the entire road sign a petition, or a portion of a county road when
all landowners and occupants along that portion sign a petition.
The circuit court should have granted the plaintiff's motion for
summary disposition because the plaintiff owned all the property

along the portion of the road sought to be abandoned and signed the petition for abandonment.

3. The defendant did not have any right to notice or an opportunity to acquire ownership or any other interest in the road sought to be abandoned under the remainder of subsection 18(5), which concerns proceedings "[i]n all other cases," because this matter proceeded under and was controlled by the first sentence of subsection 18(5).

4. Ownership of the disputed property will revert to the plaintiff when the plaintiff satisfies the conditions for abandonment.

Reversed and remanded for entry of order of summary disposition for the plaintiff.

COUNTIES — ABANDONMENT OF ROADS — WORDS AND PHRASES — ROAD.

The term "the road" in the first sentence of MCL 224.18(5), which provides that the sentence applies "[i]f a petition for absolute abandonment . . . of a road or portion of a road contains the signatures of all of the owners of record and occupants of land abutting the road," signifies either an entire road for which abandonment has been petitioned or a road portion for which abandonment has been petitioned, depending on what a particular abandonment petition requests; the first sentence of subsection 18(5) permits a county road commission to simply make a determination, without providing notice or a hearing, regarding the abandonment of an entire county road, when all landowners and occupants along the entire road sign a petition, or a portion of a county road, when all landowners and occupants along that portion sign a petition.

*Varnum, Riddering, Schmidt & Howlett LLP* (by *Teresa S. Decker*) for the plaintiff.

*Petrangelo & Bondy, P.C.* (by *Kerry L. Bondy* and *Jennifer M. Miller*), for the defendant.

Before: SCHUETTE, P.J., and CAVANAGH and WHITE, JJ.

PER CURIAM. Plaintiff Thompson-McCully Quarry Company appeals as of right from a order granting defendant Berlin Charter Township summary disposition of plaintiff's complaint for declaratory relief, which sought to establish plaintiff's eventual ownership interest in a portion of a road that crossed its

property and that plaintiff sought to have abandoned by the Monroe County Board of Road Commissioners (road commission). We reverse and remand for proceedings consistent with this opinion.

### I. FACTS

Plaintiff is a Belleville-based corporation that owns property in Berlin Township, Monroe County, where plaintiff conducts limestone quarrying. Part of a county road called Reaume Road travels between parcels of property owned by plaintiff, where that portion of Reaume Road then terminates at an intersection with Port Sunlight Road. In May 1999, plaintiff petitioned the road commission to abandon the portion of Reaume Road that traveled between plaintiff's properties. Plaintiff owned "all of the property adjoining the portion of Reaume Road to be abandoned."

On August 23, 1999, the road commission adopted a resolution expressing its intent to abandon the relevant portion of Reaume Road, provided that plaintiff satisfy several conditions, including (1) construction of a new road linking "the remaining portion of Reaume Road to the U.S. turnpike"; (2) repair of the intersection at Dixie Highway and Swan Creek Road; (3) replacement of a culvert beneath Port Sunlight Road; and (4) registration of plaintiff's trucks in Monroe County. The road commission explicitly determined in its resolution "that it is in the best interest of the public that the portion of Reaume Road . . . be absolutely abandoned."

While plaintiff worked to satisfy the conditions outlined by the road commission, defendant "threatened to commence litigation against the [road commission]

with respect to the portion of Reaume Road to be abandoned" on the basis of the December 27, 2000, enactment of 2000 PA 342, which amended the statute that governed petitions for abandonment of county roads, MCL 224.18, in a manner that defendant believed afforded it an interest in the "portion of Reaume Road to be abandoned." Because of defendant's threat of litigation, the road commission took no further action regarding plaintiff's petition to abandon the portion of Reaume Road that traveled between plaintiff's properties and plaintiff was "unable to proceed with its efforts to complete the abandonment." Plaintiff therefore filed on September 7, 2001, its complaint for declaratory relief, alleging that the enactment of 2000 PA 342 did not afford defendant any interest in the portion of Reaume Road proposed for abandonment.

Defendant denied that any case or controversy would exist until the road commission acted with finality regarding the abandonment of the relevant portion of Reaume Road and averred that when the abandonment became effective defendant would have the "first option of obtaining title . . . pursuant to MCL 224.18."

On May 3, 2002, plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff explained that the county road commission had broad statutory discretion to abandon county roads or relinquish jurisdiction of them, and that on final abandonment of a road by the commission its ownership reverted to an abutting landowner. According to plaintiff, the 2000 amendments of MCL 224.18(5) did not change the above, established result, but merely provided that "in cases in which

not all of the owners of record and occupants of land abutting the road have signed the petition to abandon," the township has a right to notice regarding the petition for abandonment.

Also on May 3, 2002, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). Defendant asserted that no case or controversy existed as contemplated by MCR 2.605(A)(1) because the road commission had not yet acted to abandon the relevant portion of Reaume Road and that the circuit court therefore lacked jurisdiction over plaintiff's complaint challenging only hypothetical events "which may or may not even occur." Defendant alternatively argued that even if "a declaratory judgment is proper at this time," plaintiff had failed to state a claim on which relief could be granted. According to defendant, MCL 224.18, as amended in 2000, clearly and undisputedly invested it with "a right of first refusal" "to assert control and exercise complete authority over an abandoned [county] road [or any portion thereof] if it so chooses." Defendant suggested that if it exercised its first priority to assume ownership of an abandoned road, then later relinquished its title, MCL 224.18(5) provided that the Department of Environmental Quality (DEQ) had the second priority to assume ownership of the abandoned road. Defendant further maintained that the 2000 amendments of MCL 224.18(9) required that the road commission deed the abandoned road to the township when it exercised its right of first refusal, thus altering the common-law rule that the road reverted to an adjoining property owner on the road commission's abandonment of the road.

On May 24, 2002, the trial court held a hearing regarding the parties' motions. The court opined that the parties had presented a case or controversy, and stated its decision:

> The—the only issue that I see here is whether Plaintiff can come in under the first scenario of 224.18, sub 5, and if—if Plaintiff does fit that criteria [sic], once the road is abandoned Plaintiff will own it by virtue of the case law that's cited, which is . . . the *Dalton* [*Twp v Muskegon Co Bd of Co Rd Comm'rs*, 223 Mich App 53; 565 NW2d 692 (1997)] case, I believe.
>
> However, that being said, the language that Plaintiff is seeking to come under requires in my opinion that the petition be signed by all of the owners of record and occupants of land abutting the road, not just the portion of the road sought to be abandoned.
>
> Therefore, I agree with Defendant's argument in that respect, and based upon that . . . I'm denying the motion for summary disposition on behalf of Plaintiff, and granting it on behalf of Defendant.

On June 11, 2002, the court entered its order denying plaintiff's motion for summary disposition, granting defendant's motion for summary disposition, and dismissing plaintiff's complaint.

## II. STANDARD OF REVIEW

This Court reviews de novo both the circuit court's summary disposition ruling and the involved questions of statutory interpretation. *Spiek v Dep't of Transportation*, 456 Mich 331, 338; 572 NW2d 201 (1998); *Rickwalt v Richfield Lakes Corp*, 246 Mich App 450, 467-468; 633 NW2d 418 (2001).

> When faced with questions of statutory interpretation, our obligation is to discern and give effect to the Legisla-

ture's intent as expressed in the words of the statute. We give the words of a statute their plain and ordinary meaning, looking outside the statute to ascertain the Legislature's intent only if the statutory language is ambiguous. Where the language is unambiguous, "we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." [*Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002) (citations omitted).]

When an ambiguity exists in a statute so that reasonable minds could differ regarding the meaning of the statutory language, the interpreting court should accord every statutory word or phrase its plain and ordinary meaning. *Bloomfield Charter Twp v Oakland Co Clerk*, 253 Mich App 1, 10; 654 NW2d 610 (2002).

### III. ANALYSIS

The subsection at the heart of the parties' dispute, subsection 18(5), states:

> *If a petition for absolute abandonment* and discontinuance *of a road or portion of a road contains the signatures of all of the owners of record and occupants of land abutting the road,* as ascertained from the records in the office of the register of deeds and the certified list provided for in subsection (4), *the board of county road commissioners shall,* within 20 days after receiving the petition, subject to subsection (8),[1] *determine the advisability of the abandonment* and discontinuance *and either grant or deny the*

---

[1] Subsection 18(8) applies only "if the board of county road commissioners determines pursuant to this section to relinquish control, discontinue, abandon, or vacate any county road or portion of a county road that borders on, crosses, is adjacent to, or ends at a lake or the general course of a stream . . . ." The parties do not challenge on appeal the circuit court's finding that the game preserve near one end of Reaume Road "is not a lake or stream."

*petition without further proceedings.* In all other cases the board shall, within 20 days after receiving a petition, issue a written notice stating the object of the petition and appointing a time and place of hearing, which notice shall be served on the township board of the township in which the road is situated and on the owners of record and occupants of lands through or adjoining which it is proposed to absolutely abandon and discontinue the road, by mailing a copy of the notice by first-class mail to the township board of the township in which the road is situated and to the residence of each owner of record or occupant at his or her last known address at least 30 days before the time of hearing. The township board of the township in which the road is situated shall have first priority to retain the property or portion of the property. The board shall also notify the township or municipality within which the road is situated, the state transportation department, and the department of natural resources if the action concerns any county road or portion of a county road that borders on, crosses, is adjacent to, or ends at a lake or the general course of a stream and the proposed action would result in the loss of public access. . . . The department of natural resources and the township or municipality within which the road is situated shall review the petition and determine within 30 days whether the property should be retained as an ingress and egress point. If the road is situated in a township, the township shall have first priority and the department of natural resources shall have second priority to retain the property as an ingress and egress point. If the road is not situated in a township, the department of natural resources shall have first priority to retain the property as an ingress and egress point. [Emphasis added.]

Subsection 18(5) plainly appears divided in subject matter between (a) the first sentence, standing alone, which addresses petitions for abandonment or discontinuance by all affected landowners and occupants of land, and (b) the entire, lengthy remainder of subsection 18(5), which prescribes the notice and

other procedural requirements that must be addressed "[i]n all other cases" involving a petition for abandonment or discontinuance; for example, when fewer than all of the affected landowners and occupants sign a petition to abandon or discontinue a road or a portion of a road, or "the action concerns any county road or portion of a county road that borders on, crosses, is adjacent to, or ends at a lake or the general course of a stream and the proposed action would result in the loss of public access." Although this demarcation would have been more visible at first glance had the Legislature denominated the first sentence as a distinct subsection (18[5][a]) and the remainder as a second distinct subsection (18[5][b]), the Legislature did employ plain language to separate the petition-by-all-affected content of the first sentence from abandonments or discontinuances arising "[i]n all other cases."

The first sentence applies "[i]f a petition for absolute abandonment . . . of a road or portion of a road contains the signatures of all of the owners of record and occupants of land abutting the road . . . ." The term "the road" in the context of the first sentence of subsection 18(5) qualifies as ambiguous, and consequently is susceptible to interpretation in this case, because reasonable minds can differ regarding its meaning. *Ross v Michigan*, 255 Mich App 51, 55; 662 NW2d 36 (2003). The term "the road" does not inherently mean either an entire road or a portion of a road. Given different contexts, "the road" could signify either a specific road, a portion of a road, or the entire length of a road.

In this case, the Legislature utilized the definite article "the" to modify the term "road." The Legisla-

ture presumably intended "road" modified by the definite article "the" as a reference to the first sentence's prior utilizations of "road." The first sentence previously utilized "road" in reference to petitions for abandonment "of a road or portion of a road . . . ." The Legislature's initial mention of either a road for which abandonment has been petitioned or a road portion for which abandonment has been petitioned, followed by the simple, nonspecific, and unlimited term "the road," suggests to us that the Legislature intended "the road" to refer to either or both a road whose abandonment has been petitioned or a road portion whose abandonment has been petitioned.

The definite, but nonspecific term "the road" gains substance and meaning from the context in which the Legislature inserted it—in this case, after the Legislature's inclusion of two specific examples, either a road or a portion thereof involved in a petition for abandonment. Accordingly, we believe that "the road" in the first sentence of subsection 18(5) signifies either an entire road or a portion of a road whose abandonment has been petitioned, depending on what a particular abandonment petition requests.

As plaintiff persuasively observes, the Legislature's drafting of another subsection of section 18 supports the suggestion that within subsection 18(5) the Legislature intended the term "the road" to encompass the prior references to either an entire road or a portion thereof. The Legislature stated as follows within the first sentence of subsection 18(8):

> [I]f the board of county road commissioners determines pursuant to this section to relinquish control, discontinue, abandon, or vacate *any county road or portion of a county road* that borders on, crosses, is adjacent to, or ends at a

> lake or the general course of a stream and the township, if
> applicable, or the department of natural resources decides
> to maintain *the road* as a public access site, it shall convey
> by quitclaim deed . . . . [MCL 224.18(8) (emphasis added).]

The Legislature once again made two initial references, to a road or portion of a road, followed by a subsequent reference to the nonspecific term "the road." To interpret "the road" in this sentence of subsection 18(8) as "the entire road" in every circumstance would mean that when the commission abandoned a county road portion that bordered, was adjacent to, or ended at a lake or stream, the township or the state could obtain title to the abandoned portion as long as the township or state decided to maintain the entire road for public access. This unyielding interpretation of "the road" as the entire road would defy common sense and might defeat the plain legislative intent of this subsection, to maintain public access to lakes and streams, by discouraging a township or the state from taking ownership of abandoned portions of county roads bordering lakes or streams. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994) (explaining that when reasonable minds may differ with respect to the meaning of a statute, the courts must look to the object of the statute and apply a reasonable construction that best accomplishes the Legislature's purpose in enacting the statute, and noting that a court should not abandon common sense in interpreting the statute).

Additionally, we observe that our interpretation is also supported by the second sentence of subsection 18(5). That subsection provides that where all the owners and occupants of land abutting "the road"

have not signed, notices must be sent to the township in which the road is situated, and to owners and occupants of lands "through or adjoining which it is proposed to absolutely abandon and discontinue the road . . . ." This provision more clearly links the property to the portion of the road to be abandoned and discontinued; only those who own or occupy land through which or adjoining which there is to be an abandonment are entitled to notice. If only these persons are entitled to notice in the event all the required signatures are not obtained, it follows that the required signatures are the signatures of those who would otherwise be entitled to notice, i.e., the owners and occupants of land abutting the portion of the road to be abandoned.

We conclude that the Legislature intended within the first sentence of MCL 224.18(5) to permit the road commission to simply make a determination, without providing notice or a hearing, regarding abandonment or discontinuance of (1) an entire county road when all landowners and occupants along the entire road sign a petition, or (2) a portion of a county road when all landowners and occupants along that portion sign a petition. Because the parties do not dispute that plaintiff owns all parcels of property along the portion of Reaume Road proposed for abandonment, and plaintiff undisputedly signed the petition for abandonment, we conclude that the circuit court should have granted plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10) (providing for summary disposition when no genuine issue of material fact exists "and the moving party is entitled to judgment . . . as a matter of law").

Defendant suggests that the plain language within the third sentence of MCL 224.18(5) affords it "first priority to retain the property or portion of the property" to be abandoned, even assuming that plaintiff obtained signatures from all potentially affected landowners as contemplated by the first sentence of subsection 18(5). As we indicated above, however, the clear and unambiguous language that commences sentence two of subsection 18(5) ("In all other cases") plainly separates the first sentence of subsection 18(5) from the remainder of the subsection, including the third sentence on which defendant relies.

Under the plain language of the subsection, the township is not even entitled to notice where abandonment proceeds under the first sentence. It is inconsistent with this lack of notice to read the third sentence as affording the township a "right of first refusal" even where proceedings are under the first sentence.

Defendant further challenges plaintiff's entitlement to ownership of the portion of Reaume Road for which abandonment was petitioned. In *Dalton Twp, supra,* at 54-55, Resource Recovery Corporation requested that the Muskegon County Board of County Road Commissioners abandon a portion of the McMillan Road right-of-way that bisected a parcel of land owned by Resource Recovery, and the road commission adopted a resolution to abandon the right-of-way because it would serve the public's best interests. The township argued in part on appeal that the abandoned portion of the right-of-way should revert to the township rather than Resource Recovery. *Id.* at 56. This Court observed that MCL 224.18 provided that

" '[a]fter proceedings to absolutely abandon and discontinue have been had, such road or part thereof shall cease to exist as a public highway,' " and that the statute did not state who obtained title when an abandonment of a right-of-way occurred. *Dalton Twp, supra,* at 57, quoting MCL 224.18. This Court resorted to the common-law principle that a vacated street or alley reverts to the abutting landowner, and concluded that the "right of way in this case therefore reverted to Resource Recovery rather than to plaintiff township." *Dalton Twp, supra* at 57.

Subsection 3 of MCL 224.18 currently contains similar language indicating that "[a]fter proceedings to abandon absolutely and discontinue, the road or part of the road shall cease to exist as a public highway *unless the unit of government that acquires the property or control of the property permits use as a public highway.*" (Emphasis added.) Although the Legislature added the emphasized language to MCL 224.18(3) after this Court's decision in *Dalton, supra,* the emphasized language does not apply to the instant case.[2] Although a unit of government may in some instances acquire ownership or control of a road or portion of a road that a county road commission abandons, see the second part of MCL 224.18(5) or subsections 18(8) and 18(9), no unit of government would acquire any interest in the portion of Reaume

---

[2] Defendant implies that the amendment was added in response to *Dalton, supra.* We note, however, that while the House Legislative Analysis of House Bill 5940 (which became 2000 PA 342) mentions a circuit court case as prompting legislative action, it does not refer to *Dalton, supra,* at all, (http://www.michiganlegislature.org/documents/1999-2000/billanalysis/house/pdf/1999-HLA-5940-B.pdf [accessed January 6, 2004]), and does not signal a legislative intent to grant the township a right of first refusal where all the abutting landowners have signed the petition, and the township is not required to be notified.

Road sought to be abandoned in this case. As discussed above, the road commission determined its intent to abandon the portion of Reaume Road running between plaintiff's parcels pursuant to the first sentence of MCL 224.18(5), which does not afford the township or any other governmental entity any right to notice of the proposed abandonment or an opportunity to acquire ownership or any other interest in the abandoned road or portion thereof. Because the language of subsection 18(9) clearly restricts that subsection's applicability as being "[s]ubject to subsection (5)," the first sentence of which is applicable to this case and does not contemplate township or other governmental involvement,[3] subsection 18(9) does not mandate in this case that the road commission deed a portion of Reaume Road to the township.

Because, following abandonment, no unit of government in this case would retain ownership or control of the abandoned portion of Reaume Road, the abandoned portion will cease to exist as a public highway and its ownership will revert to plaintiff, the adjoining landowner, when the road commission concludes its abandonment finding, in this case on plaintiff's satisfaction of the conditions required by the road commission. MCL 224.18(3); *Dalton, supra,* at 57.

Reversed and remanded for entry of an order granting plaintiff's motion for summary disposition, thus entitling plaintiff to ownership of the abandoned por-

---

[3] As indicated above, the first sentence of subsection 18(5) only renders itself subject to subsection 18(8). Subsection 18(8) has no application in this case because the parties do not dispute on appeal that the applicable portion of Reaume Road does not border on, cross, run adjacent to, or end "at a lake or the general course of a stream . . . ."

tion of Reaume Road when it satisfies the conditions for abandonment. We do not retain jurisdiction.