HURON MOUNTAIN CLUB v MARQUETTE COUNTY
ROAD COMMISSION

Docket No. 309075. Submitted October 1, 2013, at Marquette. Decided
December 5, 2013, at 9:00 a.m. Leave to appeal sought.

The Huron Mountain Club (HMC) brought an action in the
Marquette Circuit Court against the Marquette County Road
Commission, seeking declaratory and injunctive relief after the
road commission voted to declare that its prior resolution to
abandon a portion of a county road that abuts only the HMC's
property was defective and ineffective. The HMC sought to
enforce the abandonment and an order quieting title to the road
in favor of the HMC. The parties stipulated the intervention of
Dan Collins, who has an easement from the HMC to use the
road, as a defendant. The road commission sought summary
disposition on the basis that the abandonment proceedings had
been defective and, therefore, the abandonment should be
deemed ineffective. The court, Thomas L. Solka, J., granted
summary disposition in favor of the road commission, determin-
ing that because the petition for abandonment was not signed
by seven freeholders of the township in which the road is
located, as required by MCL 224.18(4), the notice required by
MCL 224.18(5) and (6) was not given, and the abandonment
resolution that was passed failed to include a determination
that the abandonment was in the best interests of the public, as
required by MCL 224.18(3), the attempted abandonment failed.
The HMC appealed.

The Court of Appeals *held*:

1. The trial court did not err by concluding that MCL 224.18(4)
requires seven or more freeholders to sign an abandonment
petition even though the HMC is the sole owner of the land
abutting the road. In § 18(4) the Legislature intended to distin-
guish the seven freeholders who must bring the petition from the
occupants of each parcel abutting the road whose names and
addresses must be on a list that accompanies the petition.

2. MCL 224.18(5) does not purport to address who must bring
a petition; it addresses when an abbreviated abandonment proce-
dure shall be used as opposed to when a public hearing is required.
Section 18(5) provides that if all the owners and occupants of

abutting land signed the petition, the abbreviated procedure is to be used. It also provides that in all other cases, a hearing and notice is required.

3. Once an abandonment petition is initiated pursuant to § 18(4), compliance with the statute is mandatory and the petition must be signed by seven or more freeholders. The HMC failed to comply with § 18(4) because the petition was not signed by seven or more freeholders. The petition was fatally defective.

Affirmed.

HIGHWAYS — COUNTIES — ABANDONMENT OF HIGHWAYS.

Section 18(4) of the county road law provides that a board of county road commissioners may not abandon and discontinue any highway or part of a highway unless at least seven freeholders of the township in which the highway is located sign a petition for abandonment; when those seven or more signers also constitute all the owners and occupants of the land abutting the highway or the portion thereof sought to be abandoned, the abbreviated procedure provided in the first sentence of § 18(5) may be used; when there are owners or occupants of abutting land besides the seven or more freeholders who signed the petition, the procedure provided in the remainder of § 18(5), which requires a public hearing with appropriate notice, must be followed; once an abandonment petition is initiated pursuant to § 18(4), compliance with the statute is mandatory and the petition must be signed by seven or more freeholders (MCL 224.18(4) and (5)).

*Steward & Sheridan, PLC* (by *Brian D. Sheridan* and *Danielle M. DeRosia*), and *Foster, Swift, Collins & Smith, PC* (by *Michael D. Homier* and *Laura J. Garlinghouse*), for the Huron Mountain Club.

*Henn Lesperance PLC* (by *William L. Henn*) and *Kendricks, Bordeau, Adamini, Chilman & Greenlee, PC* (by *Ronald E. Greenlee, III*), for the Marquette County Road Commission.

Before: RIORDAN, P.J., and MARKEY and K. F. KELLY, JJ.

PER CURIAM. Huron Mountain Club (HMC) appeals as of right the trial court's order granting summary dis-

position to defendant Marquette County Road Commission (Road Commission). On appeal, the HMC argues that the trial court erred by holding that the Road Commission's abandonment of County Road KK (the road) was invalid. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The HMC is a local nonprofit corporation that owns property in Powell Township, Marquette County. The road includes a bridge over the Salmon Trout River, which ends 130 feet northwest of the bridge. Only the HMC owns property that abuts the road. However, the road provides access to forestry lands and to lands owned by other private-property owners, including intervening defendant, Dan Collins, who has an easement from the HMC to use the road.

In 2007, the Road Commission, which had jurisdiction over the road, reduced the load capacity of the bridge because of the bridge's deteriorating condition. The reduction impeded the use of the bridge by heavy vehicles such as the HMC's fire trucks and logging trucks. The Road Commission told the HMC that it could not afford to repair the bridge, but advised the HMC and the owner of some property being logged that they were welcome to make the repairs at their own expense. The HMC and the logging company made repairs sufficient to allow the Road Commission to lift the load restrictions, but the need for significant repairs remained. The Road Commission suggested that the HMC obtain ownership of the bridge and do further repairs and maintenance.

On January 12, 2009, the HMC filed a petition for abandonment of the road. Only the HMC was listed on that portion of the petition listing the "freeholders" requesting abandonment. An attachment to the peti-

tion also stated, "Please note that the Petitioner is the owner of all land abutting the portion of the road sought to be absolutely abandoned and discontinued . . . ."

The Road Commission's board held a public hearing on February 16, 2009. Minutes from the meeting indicate that the Road Commission's engineer/manager, James Iwanicki, "stated that the MDNR [Michigan Department of Natural Resources] has been contacted and they oppose the abandonment because the road serves as an access corridor to an area of Salmon Trout River." Iwanicki recommended that the abandonment request be denied because "although the Road Commission sees the abandonment as a positive, the issue regarding navigable waterways which gives the MDNR the first right of refusal could be an issue."

In spite of these concerns, the Road Commission approved a motion "to abandon the requested portion of County Road KK." A written resolution to that effect was subsequently issued. It provided, "THEREFORE BE IT RESOLVED, that it is in the best interest of the public that the above described County Road KK be absolutely abandoned and discontinued . . . ." On February 17, 2009, Iwanicki sent a letter to the township and the Department of Natural Resources (DNR) advising them of the abandonment and that they had the right to retain the road "under public ownership." There is no indication that either the township or the DNR responded. The resolution was published in a local paper on April 3, 2009. The Road Commission's director of engineering sent a letter to the Michigan Department of Transportation (DOT) informing it of the abandonment, that the bridge of the Salmon Trout River on the abandoned portion was "part of our Bridge inventory," and asking the DOT to remove the bridge from the bridge inventory.

In the summer of 2009, the HMC began making improvements, purchasing a 32-acre property for the purpose of creating a new turnaround and meeting with the Road Commission's director of engineering to determine the size and location of the turnaround. However, some area residents began voicing disagreement with the decision to abandon the road.

The Road Commission put the matter of "CR KK Abandonment" on the agenda for its August 17, 2009, meeting under the heading "UNFINISHED BUSINESS." At the meeting, several people voiced objection to the abandonment. The Road Commission approved a motion to consult with its attorneys about the abandonment. At the Road Commission's September 21, 2009, meeting, pursuant to advice from its counsel, the Road Commission voted to declare that the February 16, 2009, motion to abandon was "defective and ineffective" and "that the abandonment procedure be redone carefully adhering to the state abandonment statute . . . ." A public hearing was set, but was apparently canceled.

On November 30, 2009, the HMC filed the present suit seeking declaratory and injunctive relief enforcing the abandonment and an order quieting title to the road in its favor. The HMC later amended its complaint to assert a takings claim, a procedural due process claim, and one based on promissory estoppel. By stipulation of the parties, Dan Collins intervened as a defendant, claiming that access to his property and to the river would be affected by the abandonment.

The Road Commission moved for summary disposition under MCR 2.116(C)(8) and (10). The Road Commission argued that its abandonment proceedings were defective and, as a result, the abandonment should be deemed ineffective. The Road Commission's claim was

based on the requirements set forth in MCL 224.18 for a board of county road commissioners to abandon a road. Its main argument was premised on subsection 4 of that statute, quoted below, and on the part of subsection 5 also quoted below:

(4) The board of county road commissioners shall not absolutely abandon and discontinue any highway, or part of a highway, except as provided in this section, upon the written petition of 7 or more freeholders of the township in which the road is sought to be absolutely abandoned and discontinued. The petition for absolutely abandoning and discontinuing a highway shall describe the road in general terms or by any name by which it is known, and if the absolute abandonment and discontinuance of only a portion of a road is asked for, that portion shall be specified. The petition shall be accompanied by a true and correct list of the names and mailing addresses of the occupants of each parcel of land abutting the highway, or portion of the highway, sought to be absolutely abandoned and discontinued, which list shall be certified to under oath by 1 of the persons making or presenting the petition.

(5) If a petition for absolute abandonment and discontinuance of a road or portion of a road contains the signatures of all of the owners of record and occupants of land abutting the road, as ascertained from the records in the office of the register of deeds and the certified list provided for in subsection (4), the board of county road commissioners shall, within 20 days after receiving the petition, subject to subsection (8), determine the advisability of the abandonment and discontinuance and either grant or deny the petition without further proceedings. In all other cases the board shall, within 20 days after receiving a petition, issue a written notice stating the object of the petition and appointing a time and place of hearing, which notice shall be served on the township board of the township in which the road is situated and on the owners of record and occupants of lands through or adjoining which it is proposed to absolutely abandon and discontinue the road, by mailing a copy of the notice by

first-class mail to the township board of the township in which the road is situated and to the residence of each owner of record or occupant at his or her last known address at least 30 days before the time of hearing. The township board of the township in which the road is situated shall have first priority to retain the property or portion of the property. The board shall also notify the township or municipality within which the road is situated, the state transportation department, and the department of natural resources if the action concerns any county road or portion of a county road that borders on, crosses, is adjacent to, or ends at a lake or the general course of a stream and the proposed action would result in the loss of public access.

The Road Commission argued that subsection 4 controls and, therefore, any petition to abandon must have the signature of seven or more freeholders regardless of the number of abutting landowners. In a separate motion for summary disposition, the Road Commission argued that the HMC lacked standing to bring its action against the Road Commission.

The trial court first determined that "[t]he statute may be confusing on first read, but it is not ambiguous," and concluded that "[s]ubsection (4) provides a statutory bar to abandonment under this statute unless the petition is signed by seven or more freeholders." The court then found that subsection 5 merely provides for an expedited process

if the petition for abandonment contains the signatures of all owners of record and occupants of land abutting the road (and the court reads this portion of Subsection (5) consistent with Subsection (4)—there must be seven signatures) . . . . In other words, if the petition for abandonment contains [the signatures of] seven or more of all of the owners of records [sic] or occupants abutting the road, then, in that case, there is an expedited process for decision "without further proceeding."

Finding that the Road Commission "acted on a petition containing but one signature," the trial court held: "Even though there is no dispute of fact that the Huron Mountain Club is the owner of record of all of the land abutting the road, nonetheless, the statute requires a total of seven or more petitioners. Therefore, the [Road Commission] acted on a petition that failed to meet the requirements of subsection[s] (4) and (5) of section 18 of the statute." The trial court also found: "Even if the statute is construed to not require seven petitioners in the circumstances of this case, nonetheless the procedure followed by the [Road Commission] failed to conform to the statutory requirements of subsection[s] (3), (5), (6) and (8) of MCL 224.18."

The parts of subsection 5 referred to by the trial court noted that the required notice of the public hearing must be given to the township, the DOT, and the DNR "[i]n all other cases," i.e., where the petition for abandonment does not carry the required signatures. In an affidavit prepared by Iwanicki that the Road Commission attached to its motion for summary disposition, Iwanicki stated that the Road Commission sent a notice of the hearing to the township and the DNR, but not to the DOT or any private parties other than the HMC. He further stated that the affidavit required by MCL 224.18(6) was neither prepared nor attached to any service or notice of the hearing on the petition. The court concluded, "The deficiencies in the petition led to deficiencies in the notice to the township[,] state Transportation Department, and [the DNR]."

In addition, Iwanicki stated in his affidavit that the resolution that was passed did not contain a "best interests of the public" statement and that after the hearing, he signed a resolution containing that statement "in an attempt to comply with MCL 224.18(3)."

But, stated Iwanicki, the Road Commission never adopted or recorded the resolution. Regarding the requirement of subsection 3, the court found as follows:

> The minutes of the February 16, 2009 meeting of the Road Commission fail to contain or identify the terms of the resolution later drafted by Iwanicki after the public meeting. At best, the motion passed at the February 16, 2009 meeting represented a statement of intent to abandon the roadway without actually adopting the necessary resolution language. The minutes contain no finding by the Road Commission, during the public meeting, that abandonment was "in the best interests of the public" as required by the statute.

The trial court determined that because the petition was not signed by seven freeholders, the notice required under subsections 5 and 6 was not given, and the resolution passed at the February meeting failed to include the statutorily mandated "best interests of the public" language, "the attempted abandonment failed by reason of substantial non-compliance with the statute."

The trial court granted summary disposition to the Road Commission, declaring that its abandonment was ineffective. It concluded that, given that the Road Commission did not comply with the statutory requirements, it did not abandon the road and title never passed to the HMC. Because title did not pass, the court dismissed the HMC's quiet title, takings, and due process claims. The court also granted intervening defendant Collins' summary disposition motion, but only to the extent that his arguments matched the Road Commission's regarding the ineffectiveness of the proposed abandonment.[1]

---

[1] Collins had raised other issues relating to his easement that were pertinent only if the court had upheld the abandonment, and so were moot at that time.

In its motion for summary disposition, the HMC also argued that it was entitled to reimbursement for funds it had expended in reliance on the abandonment, and the trial court agreed. It ordered that if the parties could not agree on the amount of the reimbursement, on the motion of either party, it would set an evidentiary hearing to determine the proper amount.

The trial court subsequently entered a final judgment, which provided, in relevant part:

> The Plaintiff and the Defendant Road Commission have entered into a settlement agreement which sets forth the resolution of their remaining claims and defenses for damages, while preserving their respective rights to appeal the [Decision and Order on Summary Disposition Motions].

The HMC now appeals as of right.[2]

### II. STANDARDS OF REVIEW

Issues concerning the interpretation and application of statutes are questions of law that this Court reviews de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

This Court reviews de novo a trial court's determination on a motion for summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). Although the Road Commission moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), the lower court granted the Road Commission's motion under(C)(10). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). This Court reviews the motion

---

[2] At oral argument on appeal, counsel informed the panel that the HMC was reimbursed for its expenditures.

by considering "the pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party." *Douglas v Allstate Ins Co*, 492 Mich 241, 256; 821 NW2d 472 (2012) (quotation marks and citation omitted). This Court "considers only the evidence that was properly presented to the trial court in deciding the motion." *Lakeview Commons Ltd Partnership v Empower Yourself, LLC*, 290 Mich App 503, 506; 802 NW2d 712 (2010). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Douglas*, 492 Mich at 256 (quotation marks and citation omitted). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Lakeview Commons*, 290 Mich App at 506 (quotation marks and citation omitted).

### III. ANALYSIS

The HMC contends that the trial court erred by concluding that MCL 224.18(4) requires seven or more freeholders to sign an abandonment petition, even though the HMC was the sole owner of land abutting the road. We disagree.

MCL 224.18(4) and (5) provide, in relevant part:

(4) The board of county road commissioners shall not absolutely abandon and discontinue any highway, or part of a highway, except as provided in this section, upon the written petition of 7 or more freeholders of the township in which the road is sought to be absolutely abandoned and discontinued. The petition for absolutely abandoning and discontinuing a highway shall describe the road in general terms or by any name by which it is known, and if the absolute abandonment and discontinuance of only a portion of a road is asked for, that portion shall be specified.

The petition shall be accompanied by a true and correct list of the names and mailing addresses of the occupants of each parcel of land abutting the highway, or portion of the highway, sought to be absolutely abandoned and discontinued, which list shall be certified to under oath by 1 of the persons making or presenting the petition.

(5) If a petition for absolute abandonment and discontinuance of a road or portion of a road contains the signatures of all of the owners of record and occupants of land abutting the road, as ascertained from the records in the office of the register of deeds and the certified list provided for in subsection (4), the board of county road commissioners shall, within 20 days after receiving the petition, subject to subsection (8), determine the advisability of the abandonment and discontinuance and either grant or deny the petition without further proceedings. In all other cases the board shall, within 20 days after receiving a petition, issue a written notice stating the object of the petition and appointing a time and place of hearing, which notice shall be served on the township board of the township in which the road is situated and on the owners of record and occupants of lands through or adjoining which it is proposed to absolutely abandon and discontinue the road, by mailing a copy of the notice by first-class mail to the township board of the township in which the road is situated and to the residence of each owner of record or occupant at his or her last known address at least 30 days before the time of hearing. The township board of the township in which the road is situated shall have first priority to retain the property or portion of the property. The board shall also notify the township or municipality within which the road is situated, the state transportation department, and the department of natural resources if the action concerns any county road or portion of a county road that borders on, crosses, is adjacent to, or ends at a lake or the general course of a stream and the proposed action would result in the loss of public access.

In construing a statute, a court must give effect to the Legislature's intent. *Tellin v Forsyth Twp*, 291 Mich

App 692, 700; 806 NW2d 359 (2011). This Court first looks at the language of the statute itself in determining the Legislature's intent. *Id.* at 701. "The Court gives the words of the statutes their plain and ordinary meaning and will look outside the statutory language only if it is ambiguous." *Id.* "[W]here that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Echelon Homes, LLC v Carter Lumber Co*, 472 Mich 192, 196; 694 NW2d 544 (2005) (quotation marks and citation omitted).

The first sentence of MCL 224.18(4) is clear and unambiguous: a road commission may abandon a highway only when a petition has been submitted by at least seven freeholders of the township. Furthermore, when the first sentence is compared with the last sentence, it is clear that the Legislature intended to distinguish the seven freeholders "of the township" who must bring the petition from the "occupants of each parcel of land abutting the highway, or portion of the highway," whose names and addresses must be on a list that accompanies the petition.

The HMC does not contend that the meaning of the first sentence in subsection 4 is ambiguous or that it means anything other than its clear language. Instead, the HMC argues that MCL 224.18 creates more than one method for commencing an abandonment proceeding. "[A]pparently plain statutory language can be rendered ambiguous by its interaction with other statutes." *Ross v Modern Mirror & Glass Co*, 268 Mich App 558, 562; 710 NW2d 59 (2005). The HMC maintains that because § 18(4) of the statute authorizes abandonment proceedings "as provided in this section," and that "section" refers to § 18 in its entirety, subsection 4 is necessarily

subject to subsection 5 and subsection 5 provides an exception to subsection 4. The Road Commission disagrees that subsection 5 provides an exception to subsection 4. It argues that by its clear language, subsection 5 does not purport to address who must bring a petition; it addresses when the abbreviated procedure shall be used as opposed to when a public hearing is required. We agree with the Road Commission's position. Subsection 5 provides that if all the owners and occupants of abutting land signed the petition, the abbreviated procedure is to be used, but "[i]in all other cases," a hearing and notice of it is required.

Reading subsection 4 together with subsection 5 leads to the following: At least seven freeholders (landowners) in the township must sign a petition for abandonment of a road or portion of a road, and, when those seven signers also constitute all the owners and occupants of land abutting the road or portion of a road, the abbreviated procedure may be used. On the other hand, if there are owners or occupants of abutting land besides the seven freeholders who signed the petition, a public hearing with appropriate notice is required. In other words, the statute protects all those with a direct interest in the abandonment of a road so that they have an opportunity to be heard regarding whether they believe the road should be abandoned. That is, if all the owners and occupants of abutting land have signed the petition, it is clear that all directly affected persons are in favor of the abandonment. However, if only some of the owners and occupants of abutting land have signed the petition, the position of all of the directly affected persons on whether to abandon the road will be unknown without a public hearing.

In *Thompson-McCully Quarry Co v Berlin Charter Twp*, 259 Mich App 483; 674 NW2d 720 (2003), this

Court addressed the question whether the portion of the road being abandoned would revert to the abutting landowner or to the township upon abandonment. In that case, the plaintiff petitioned the road commission to abandon the portion of the road that traveled between the plaintiff's properties. *Id.* at 485. The plaintiff owned all the property adjoining the portion of the road to be abandoned. *Id.* This Court examined MCL 224.18(5) and held:

> We conclude that the Legislature intended within the first sentence of MCL 224.18(5) to permit the road commission to simply make a determination, without providing notice or a hearing, regarding abandonment or discontinuance of (1) an entire county road when all landowners and occupants along the entire road sign a petition, or (2) a portion of a county road when all landowners and occupants along that portion sign a petition. [*Id.* at 494.]

We reasoned that, given that the plaintiff owned all the parcels of property along the portion of the road proposed to be abandon, and that the plaintiff signed the petition for abandonment, the circuit court erred by failing to grant the plaintiff's motion for summary disposition under MCR 2.116(C)(10). *Id.* Here, the HMC contends that "[t]he opinion does not reference any other petitioners, which suggests that only the plaintiff signed the petition." The HMC does not argue that this Court should extrapolate any rule from the failure to mention any other petitioners; it only offers that language to show that its interpretation "is consistent with how the statute has been interpreted by other counties." However, the proper procedure for abandonment must be derived from the statutory language, not the practices of any particular road commission or road commissions.

The HMC argues that, "[e]ven if the statute is interpreted to require seven freeholder's signatures

on the Petition, the absence of those signatures is not a material defect that renders the entire abandonment proceeding void—particularly because the Road Commission had already accepted the petition, conducted a public hearing, and approved abandonment." However, in *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 646; 662 NW2d 424 (2003), this Court responded to the plaintiffs' argument that a road commission could not abandon a road under the common-law theory of abandonment by nonuse because MCL 224.18 provides the exclusive means for abandonment. Regarding the plaintiffs' reliance on *Village of Bangor v Bangor Twp*, 324 Mich 665; 37 NW2d 666 (1949), this Court stated:

> In *Bangor, supra*, relying on the defendant board of county road commissioners' acknowledgement that the proceedings used in attempting to relinquish its jurisdiction over a bridge located in the Village of Bangor "were not sufficient for the purpose intended," our Supreme Court held that because the "mandatory" requirements of MCL 224.18 were not met by the board, the board retained sole responsibility for maintenance and control of the bridge. *Bangor*, [324 Mich] at 669. In so holding, however, the Court did not determine that a board of county road commissioners is required to follow the procedures set forth in MCL 224.18 in order to affirmatively abandon a roadway under its jurisdiction. Rather, the Court merely determined that *once a board of county road commissioners undertakes to abandon a county road (or bridge) by resolution, compliance with the remaining requirements of MCL 224.18 is mandatory*. [*Ambs*, 255 Mich App at 645-646 (emphasis added).]

Nonetheless, the HMC argues that there is no caselaw stating what defects in an abandonment petition render it effective or ineffective. The HMC contends that *Ambs* and *Bangor* inform us that compliance is mandatory, but neither mentions that it must be "strictly followed,"

and thus, do not indicate what acts of noncompliance might be excusable. We again disagree and hold that once an abandonment petition is initiated pursuant to MCL 224.18(4), compliance with the statute is mandatory and, thus, the abandonment petition must be signed by seven or more freeholders. Given that the petition in this case was not signed by seven freeholders, the petition was fatally defective because the HMC failed to comply with a fundamental requirement of MCL 224.18(4).

The HMC further challenges the trial court's ruling that the Road Commission also failed to give notice to the township, the DNR, and the DOT as required by MCL 224.18(5). Specifically, the HMC argues that notice of the public hearing was unnecessary because the hearing itself was not required. The HMC's argument is dependent upon the validity of its assertion that, as the sole abutting landowner, it was the only freeholder required to sign the abandonment petition. In *Thompson-McCully Quarry*, 259 Mich App at 490-491, this Court stated:

> Subsection 18(5) plainly appears divided in subject matter between (a) the first sentence, standing alone, which addresses petitions for abandonment or discontinuance by all affected landowners and occupants of land, and (b) the entire, lengthy remainder of subsection 18(5), which prescribes the notice and other procedural requirements that must be addressed "[i]n all other cases" involving a petition for abandonment or discontinuance; for example, when fewer than all of the affected landowners and occupants sign a petition to abandon or discontinue a road or a portion of a road, or "the action concerns any county road or portion of a county road that borders on, crosses, is adjacent to, or ends at a lake or the general course of a stream and the proposed action would result in the loss of public access."

It is within the "lengthy remainder of subsection 18(5)" that notice to the township, the DNR, and the DOT is required. In other words, it was the Road Commission's acceptance of the petition with only the signature of the HMC's president, thus implicitly placing the petition in the category described in the first sentence of MCL 224.18(5), that resulted in the notice required "[i]n all other cases" not being provided. However, this argument is without merit because, as previously set forth, the HMC proceeded with a fatally defective abandonment petition under MCL 224.18(4).

In light of our resolution of the dispositive issues, we decline to address the remaining issues raised by the parties on appeal.

Affirmed.

RIORDAN, P.J., and MARKEY and K. F. KELLY, JJ., concurred.