# STATE OF MICHIGAN

# COURT OF APPEALS

DETROIT FREE PRESS INC. and FEDERATED PUBLICATIONS, INC.,

Plaintiffs-Appellants,

v

UNIVERSITY OF MICHIGAN REGENTS,

Defendant-Appellee.

FOR PUBLICATION
April 26, 2016
9:10 a.m.

No. 328182
Court of Claims
LC No. 14-000176-MZ

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J.

Plaintiffs appeal by right the order of the Court of Claims denying their motion for summary disposition and request for an injunction, and granting summary disposition in favor of defendant. Plaintiffs publish or operate two major newspapers in this state; defendant is a constitutional corporation and public body responsible for governing the University of Michigan pursuant to Article 8, §§ 4 and 5 of the Michigan Constitution. Plaintiffs contend that "closed informal sessions" that defendant holds violate the Open Meetings Act (OMA), MCL 15.261 *et seq*. and Article 8, § 4 of the Michigan Constitution. The Court of Claims disagreed. We affirm.

There is no dispute that defendant holds meetings that are both open to the public and closed to the public. It appears that the parties at least tacitly agree that defendant held its formal meetings publicly, in compliance with the OMA. At issue is defendant's practice of conducting informal meetings, which plaintiffs alternatively call "closed door meetings," privately. Defendant describes these informal meetings as being more informational than decisional, and although agendas were prepared for them and a quorum was present, voting did not take place and was not even discussed at the informal meetings. Plaintiffs contend, very generally, that *all* such meetings are required by law to be open to the public.

The Court of Claims concluded that, pursuant to *Federated Publications, Inc v Bd of Trustees of Michigan State Univ*, 460 Mich 75; 594 NW2d 491 (1999), Michigan's Constitution insulates defendant from being required by the OMA to open its informal meetings to the public, and furthermore is empowered to define what constitutes a formal session. The court reasoned further as follows:

> This Court declines plaintiffs' invitation to judicially impose the limitations that the Legislature imposed in the OMA on governing boards of public universities.

-1-

The Supreme Court has already explained, "[T]he Legislature is not delegated the task of defining the phrase 'formal sessions' for purposes of Const 1963, art 8, § 4." *Federated Publications*, 460 Mich at 75. Neither is this Court. Although the Court suggested judicial review would be available to examine whether a university's definition fails to "bear any relation to the purpose of § 4," *id*. at 91 n 14, plaintiffs do not advance an argument that is directed at meeting that "most deferential standard." *Id*. This Court will not construct it for them.

The Court of Claims further determined that plaintiffs' claims would have the OMA "dictate[] the manner in which the university operated on a day-to-day basis," which is contrary to Article 8, § 5. Therefore, "application of OMA to defendant's informal sessions runs afoul of defendant's constitutionally-based power to supervise the university." Plaintiffs were not entitled to injunctive relief because they did not succeed on at least one count. Ultimately, it is not relevant in this case whether any of the sessions were 'formal' or 'informal' as neither side has argued this point. The question being raised is whether all the sessions had to be public, regardless of whether they were 'informal'.

We review a trial court's decision on a motion for summary disposition de novo. *Mich Head & Spine Institute*, *PC v State Farm Mut Auto Ins Co*, 299 Mich App 442, 446; 830 NW2d 781 (2013). Summary disposition is proper if there is "no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). In interpreting a statute, a court "seeks to ascertain and implement the intent of the Legislature." *Huron Mountain Club v Marquette Co Rd Comm*, 303 Mich App 312, 323; 845 NW2d 523 (2013). We do so first by examining the language employed, and if it is unambiguous when afforded its plain and ordinary meaning, we enforce it as written. *Id*. at 324.

Plaintiffs' claims on appeal depend on their assertions that the facts of this case are distinguishable from the facts in *Federated Publications* and that the Court of Claims relied on dicta. The latter argument simply fails as a matter of well-established precedent that if our Supreme Court "intentionally takes up, discusses, and decides a question germane to, though not necessarily decisive of, the controversy, such a decision is not a dictum, but is a judicial act of the court which it will thereafter recognize as a binding decision." *Detroit v Pub Utilities Comm*, 288 Mich 267, 299-300; 286 NW 368 (1939). It is clear that nothing in *Federated Publications* was in the nature of a gratuitous and irrelevant remark with no bearing on the case. See *Johnson v White*, 430 Mich 47, 55, n 2; 420 NW2d 87 (1988), noting a distinction between "obiter dicta" and "judicial dicta." To the extent any discussion in *Federated Publications* is relevant to the instant matter, the Court of Claims was obligated, as are we, to treat it as binding.

The former argument also fails. Plaintiffs are of course correct in pointing out that *Federated Publications* entailed the rather special circumstance of a university searching for a replacement president, which to the best of our knowledge defendant is not seeking to do in the case at bar. However, our Supreme Court did not employ *reasoning* that was restricted only to such contexts, and indeed noted that under discussion was "the question of the Legislature's power to regulate public universities." *Federated Publications*, 460 Mich at 83-84. Our Supreme Court made the much broader pronouncement that:

That [Const 1963, art 8, § 4, which requires that "Formal sessions of governing boards . . . shall be open to the public] is limited to "formal sessions," rather than all sessions, signifies that the governing boards retain their power to decide whether to hold "informal" sessions in public. Const 1963, art 8, § 5, prohibits the Legislature from intruding in this basic day-to-day exercise of the boards' constitutional power. Nor can application of the OMA rest on the absence of a definition of "formal sessions" in the constitution. Unlike other provisions of the constitution, the Legislature is not delegated the task of defining the phrase "formal sessions" for purposes of Const 1963, art 8, § 4. [*Federated Publications*, 460 Mich at 90.]

The Court also noted that "[g]iven the constitutional authority to supervise the institution generally, application of the OMA to the governing board of our public universities is likewise beyond the realm of legislative authority." *Id.* at 89.

It is clear and unambiguous that our Supreme Court has already determined the outcome of this matter, and the Court of Claims has already applied it. The Constitution permits defendant to hold informal meetings in private; defendant is only required to hold its formal meetings in public. We are simply not empowered to evaluate whether that is good policy or, for that matter, take any action on the basis of whether we might believe it to be. However, we note that plaintiffs need not be concerned that this gives defendant *completely* unfettered discretion: our Supreme Court has also determined that although defendant and similarly situated boards are entitled to a great deal of deference, such boards' determination of what constitutes "formal" and "informal" is not *wholly* insulated from judicial review. *Federated Publications*, 460 Mich at 91 n 14.

We decline to consider any argument pertaining to plaintiffs' desired injunctive relief as moot. We affirm the Court of Claims. We direct, pursuant to MCR 7.219(A), that due to the important public policy nature of this appeal, the parties shall bear their own costs.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ William B. Murphy

-3-