# STATE OF MICHIGAN

# COURT OF APPEALS

FISHER SAND AND GRAVEL COMPANY,

Plaintiff-Appellee,

v

NEAL A. SWEEBE, INC.,

Defendant-Appellant.

UNPUBLISHED
December 21, 2017

No. 334569
Midland Circuit Court
LC No. 09-005960-CK

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Following a bench trial, the trial court entered a $109,667.16 judgment in favor of plaintiff, Fisher Sand and Gravel Company. Defendant, Neal A. Sweebe, Inc, appeals by right. On appeal, he argues that the statute of limitations bars plaintiff from recovering on invoices that are more than six years old (as of the date the complaint was filed). We affirm.

The trial court found that there was an implied account stated between plaintiff and defendant based on defendant's lack of objections to timely and regular monthly account statements sent from plaintiff to defendant that reflected amounts due for invoices dating from 1991 until 2004. The court found "[t]he May 31, 2005 bill shows the account was changed due to activity by Defendant as late as October 25, 2004, and there was implied assent to the outstanding balance of the account which renders it enforceable as being within the statute of limitations period."

Defendant does not challenge the trial court's factual findings. Instead, the sole issue raised is whether we should apply the accrual date for an account stated claim set forth by our Supreme Court in *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543; 837 NW2d 244 (2013) or whether we should apply the accrual date for an account stated claim set forth in the dissent in that case. Defendant contends that we should apply the dissent's analysis, and he asserts that the majority's analysis—which was contained in a footnote—is non-binding dictum. We disagree.

"[I]f our Supreme Court 'intentionally takes up, discusses and decides a question *germane* to, though not necessarily decisive of, the controversy, such decision is not a *dictum*, but is a judicial act of the court which it will thereafter recognize as a binding decision." *Detroit Free Press Inc v Univ of Michigan Regents*, 315 Mich App 294, 297-298; 889 NW2d 717 (2016) (citation omitted). In *Fisher Sand & Gravel*, our Supreme Court was tasked with determining

-1-

whether an account stated was subject to the six-year statute of limitations period set forth in MCL 600.5807(8). *Fisher Sand & Gravel*, 494 Mich at 561-562. In concluding that it was, the Court stated:

> A cause of action on an account stated accrues upon an adjustment of the parties' respective claims against one another. *White [v Campbell]*, 25 Mich [463,] 468 [(1872)] ("The creditor becomes entitled to recover the agreed balance, in an action based on the fact of its acknowledgement by the debtor, *upon an adjustment of their respective claims*[.]") (emphasis added). In other words, the accrual of an account stated claim "occurs when assent to the statement of account is either expressed or implied . . . ." 13 Corbin, Contracts (rev ed), § 72.4(2), p 473. . . . [*Fisher Sand and Gravel Co*, 494 Mich at 562 n 53.]

Given that the entire issue before the Court related to whether the claim was barred by the statute of limitations, and given that the Court directed the trial court on remand to determine whether defendant properly objected to plaintiff's statement of the account, we conclude that the accrual date for an account stated claim was germane to the controversy. See *Detroit Free Press Inc*, 315 Mich App at 297-298. Further, the Court intentionally took up the discussion, discussed, it and decided it. See *id*. As such, it is binding on us and we are not free to adopt the position advanced by the dissenting opinion. See *id*.

Because we find defendant's legal challenge unavailing, and because defendant has raised no challenge to the trial court's factual findings,[1] we affirm. As the prevailing party, plaintiff may tax costs. MCR 7.219(A).

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle

---

[1] We note that the trial court found that defendant implicitly assented to the account stated on May 31, 2005, which was a date within the six-year limitations period. As such, the trial court found that the accrual date for the account stated claim was May 31, 2005. The complaint was filed in August 2009, which is less than six years later. Accordingly, the account stated claim was timely.